In re Jeffrey Kent MANN, Debtor.

Michelle Rene WIMMER, Movant,

v.

Jeffrey Kent MANN, et al., Respondents.

Bankruptcy No. 7–84–00460–A.

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

March 27, 1986.

954

Robert A. Vinyard, Lawrence L. Moise, III, Abingdon, Va., for debtor/respondent.

Johnson, Scyphers & Austin, Abingdon, Va., for movant.

Penn, Stuart, Eskridge & Jones, Bristol, Va., for respondent Va. Farm Bureau.

Michael A. Bragg, Bristol, Va., trustee.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue for determination is whether the injunctive provisions of 11 U.S.C. § 524 prohibit the Movant from continuing her pending state court action against the Debtor, who has received a discharge, in order to recover under the uninsured motorist clause of the Movant's insurance policy. This Memorandum Opinion is in accordance with *Rule* 7052.

Briefly stated, the facts appear as follows. On November 27, 1983, the Movant, Michelle Rene Wimmer, was involved in an automobile accident with a vehicle driven by the Debtor-Respondent, Jeffrey Mann. Wimmer had insurance coverage with Virginia Farm Bureau. Mann was an uninsured motorist.

On March 26, 1984, Wimmer filed a Motion for Judgment against the Debtor in the Circuit Court of Washington County, Virginia requesting $50,000.00 in damages. Virginia Farm Bureau was also served with this Motion for Judgment.

The Debtor filed his Chapter 7 petition in this Court on May 11, 1984. The accompanying schedules listed Wimmer as an unsecured creditor without priority. The § 341 Meeting of Creditors was held on July 18,

1984, and the Debtor was granted a discharge on September 6, 1984. Following the Trustee's report of no distribution, the case was administratively closed on April 19, 1985.

On July 9, 1985, Counsel for Wimmer filed a motion to reopen the case and a motion for relief from the injunctive effects of the discharge under 11 U.S.C. § 524. Wimmer requested that she be permitted to proceed on her Motion for Judgment against Mann in the state court, without subjecting Mann to personal liability, in order to collect any applicable insurance proceeds from her insurer, Virginia Farm Bureau, under the provisions of the uninsured motorist clause.

The case was reopened and argument heard on the motion for relief from the provisions of § 524. On January 3, 1986, this Court entered what appeared to be an Agreed Order but which was, in fact, objected to by Virginia Farm Bureau, lifting the injunction and permitting Wimmer to proceed with her state court action. By Order of this Court entered January 16, 1986, a motion for reconsideration of the Court's January 3 Order was granted. The matter was set for further hearing on February 18, 1986, at which time Counsel were given leave to file memoranda in support of their positions.

The filing of a Bankruptcy petition operates as a stay against certain actions of creditors. In relevant part, § 362(a) provides that filing of a petition:

"Operates as a stay applicable to all entities, of—

(a) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before commencement of the case under this Title, or to recover a claim against the debtor that arose before the commencement of the case under this Title;"

Unless a party files a motion for relief from the stay under § 362(d) [1] or (f) [2], under § 362(c) [3], the automatic stay continues until property is no longer property of the estate and the case is either closed, dismissed, or a discharge is granted, whichever comes first.

Under § 362(a), Wimmer was stayed from proceeding on her Motion for Judgment for damages against the Debtor in state court by the filing of his petition here. Wimmer never filed a motion for relief from the stay pursuant to § 362(d) or (f) in order to reduce her claim to judgment. The automatic stay continued in effect until the Debtor was granted a discharge on September 6, 1984.

---

**1.** 11 U.S.C. § 362(d) provides:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

**2.** 11 U.S.C. § 362(f) provides:

"(f) Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section."

**3.** 11 U.S.C. § 362(c) provides:

"(c) Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

"(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied."

Upon the granting of a discharge, the automatic stay of § 362 is dissolved and is replaced by the permanent injunction of 11 U.S.C. § 524. *In re Aldrich,* 9 C.B.C.2d 1073 (Bankr.App. 9th Cir.1982); *In re White Motor Credit Corp.,* 37 B.R. 631, 643 (N.D.Oh.1984); *aff'd* 761 F.2d 270 (6th Cir.1985). Section 524 outlines the effects of a discharge in Bankruptcy and, in relevant part, provides that:

"(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under Section 727, 944, 1141, or 1328 of this Title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;"

■ In general, § 524 protects the debtor from any subsequent action by a creditor whose claim has been discharged in the Bankruptcy case. Section 524 ensures that a discharge will be completely effective and operate as an injunction against enforcement of a judgment or the commencement or continuation of an action in other courts to collect or recover a debt as a *personal liability* of the debtor. 3 *Collier on Bankruptcy,* ¶ 524.01 at 524–4 (15th Ed.1985); *In re Sands,* 24 B.R. 688 (Bankr.D.R.I. 1982). *See, also, Campbell v. General Financing Corp. of Virginia,* 523 F.Supp. 989 (W.D.Va.1981) (Discharge releases *the debtor* from any legal duty to repay the debt.)

However, as § 524(e) recognizes, "except as provided in subsection (a)(3) of this Sec-

tion, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." Whereas the provisions of § 524 are intended to protect the debtor from personal liability, § 524(e) indicates that it was not to affect the liability of third parties nor prevent establishing such liability through whatever means required. 3 *Collier on Bankruptcy, supra,* at 524– 15. In discussing the scope of § 524(d)(1)(A) and (2), *Collier* notes that "when it is necessary to commence or continue a suit against a debtor in order, for example, to establish liability of another, ... such suit would not be barred." *Id.*[4]

Numerous courts have addressed the lifting of the § 362 automatic stay to permit continuation of litigation against the debtor in other forums. *See, e.g., In re Curtis,* 40 B.R. 795 (Bankr.D.Ut.1984); *In re Phillips,* 40 B.R. 194 (Bankr.D.Col.1984); *In re Huffman,* 33 B.R. 937 (Bankr.W.D.Ok. 1983). However, as noted previously, Wimmer never filed a motion for relief from the stay to proceed in the state court. The Debtor has been granted a discharge and the § 362 stay has been replaced by the permanent discharge injunction of § 524. The present case addresses whether the provisions of § 524 prohibit continuation of the pending litigation so that Wimmer may recover under her uninsured motorist insurance policy.

The reported cases involving the injunction of § 524 and its effects on pending litigation and insurance recovery have allowed the suits to continue. In *In re Glen-Bern Industries, Inc.,* 6 C.B.C. 100 (Bankr. D.Mass.1975), a case decided under § 16 of the *Bankruptcy Act of 1898* (11 U.S.C. § 34), the Plaintiffs who sustained personal injuries in a construction accident sought to continue their actions against the Bankrupt's liability insurer following confirma-

---

**4.** Counsel for Virginia Farm Bureau contends that § 524(e) is intended only to preserve the liability of co-obligors or guarantors to a debt. Although situations involving co-debtors or sureties upon obligations may arise more frequently than the issue in the present case, we cannot ignore that cases may exist where, for

example, individuals such as directors and stockholders or partners of a debtor may be in a position of secondary liability. We decline to construe the words "any other entity" in § 524(e) so narrowly as to exclude their potential liability.

tion of the Plan. The court allowed the suit to continue, noting that "a discharge is intended to be personal to the debtor, and not to accrue to the benefit of third parties who may have liability based on the Bankrupt's liability." *Id.*, at 102. The court reasoned that the insurance company should not be entitled to gain a benefit that was not intended or in any way computed within the rate charged for its policy. *Id.*, at 103; *see, also, Miller v. Collins*, 328 Mo. 313, 40 S.W.2d 1062 (1931); *Johnson v. Bondurant*, 187 Kan. 637, 359 P.2d 861 (1961) (Liability of an insurer is not altered by the discharge of a Bankrupt).

The case of *Wilkinson v. Vigilant Insurance Co.*, 236 Ga. 456, 224 S.E.2d 167 (1976), on remand 138 Ga.App. 380, 226 S.E.2d 478 (1976), presents facts similar to those of the instant case. In *Wilkinson*, an insured motorist brought suit against the Bankrupt, an uninsured motorist, to recover damages from an automobile collision. The Bankrupt was granted a discharge and dismissed as a party-defendant in the action. The Supreme Court of Georgia concluded that the trial court erred in not allowing the insured's action to proceed to establish all sums which she would be legally entitled to recover as damages. The uninsured motorist's discharge in Bankruptcy did not preclude the Plaintiff-insured from recovering under the uninsured motorist provision of her policy.

Cases decided under the *Bankruptcy Code* have reached the same conclusion. In *Matter of McGraw*, 18 B.R. 140 (Bankr. W.D.Wis.1982), accident victims sought to modify the injunction of § 524 for the sole purpose of determining the liability of the debtor in a proceeding against the debtor, her former employer, and the employer's insurance company which was filed prior to filing of the Bankruptcy petition. The Plaintiffs had agreed to seek no enforcement of any judgment against the debtor. The Bankruptcy Court concluded that since neither the debtor nor his property was in any jeopardy of personal liability, the injunction of § 524 could be modified and the suit could continue with the debtor as a defendant for the limited purpose of deter-

mining liability. *Id.*, at 143. In so ruling, the court cited approvingly the case of *In re Honosky*, 6 B.R. 667 (Bankr.S.D.W.Va. 1980), in which the court concluded that although the liability to Plaintiff was dischargeable in Bankruptcy and could not be recovered against the debtor personally, the injunctive provisions of § 524(a) did not prohibit the Plaintiff from proceeding with suit to the extent of the debtor's insurance coverage. The court in *Honosky* noted that if there is a liability of the debtor, it is "personal" within the meaning of § 524(a)(2) only to the extent necessary to sustain recovery against the insurer, not the debtor-insured. *Id.*, at 670.

Similarly, in *Rowe v. Ford Motor Co.*, 34 B.R. 680 (M.D.Ala.1983), the Plaintiff brought suit against the debtor, an uninsured motorist, and other parties for the death of the Plaintiff's son. The United States District Court for the Middle District of Alabama considered whether the debtor remained a proper party-defendant in light of his discharge in Bankruptcy. The court concluded that although the suit could not be continued for purposes of collecting against the debtor, it could, as in the *McGraw* case, continue to determine the debtor's liability since the Plaintiff's right to recover under his uninsured motorist coverage depended upon that liability. *See, also, In re White Motor Credit Corp.*, 37 B.R. 631 (N.D.Oh.1984), *aff'd* 761 F.2d 270 (6th Cir.1985) (Pending products liability suits could continue following confirmation of debtor's Chapter 11 Plan since judgments will not be immediately payable, but merely entitle Plaintiffs to receive insurance proceeds).

Finally, attention is drawn to *Elliott v. Hardison*, 25 B.R. 305 (E.D.Va.1982), whose facts are almost identical to those of the instant case. In *Elliott*, the Plaintiff, an insured motorist, was involved in an automobile collision with Hardison, an uninsured motorist. Hardison filed his Bankruptcy petition and listed Elliott as an unsecured creditor on his schedules. Elliott commenced an action in state court seeking recovery for his personal injuries. Shortly

thereafter, the debtor was granted a discharge. Elliott filed a Complaint for relief from the automatic stay of § 362 to allow him to proceed with his personal injury action.[5] The court granted the relief, provided that Elliott and the insurance company refrain from taking any action to assert personal liability against Hardison.

On appeal, the District Court concluded that relief from the stay was appropriate given that any resulting judgment from the civil action could not be enforced against the debtor or his Bankruptcy estate. *Id.,* at 308. Were the court to overturn the decision of the Bankruptcy Court and preclude the Plaintiff from proceeding in his civil action, the Plaintiff effectively would be left without any potential recovery for his injuries. *Id.,* at 309. In order to recover under an uninsured motorist policy issued in conformity with *Virginia Code* § 38.1–381(b)[6], it is necessary for the insured motorist to establish the liability of the uninsured motorist by judgment. *Id.,* at 307; *Midwest Mutual Insurance Company v. Aetna Casualty & Surety Co.,* 216 Va. 926, 223 S.E.2d 901 (1976); *see, also, United Services Automobile Association v. Nationwide Insurance Co.,* 218 Va. 861, 241 S.E.2d 784 (1978).

From the foregoing authorities, we conclude that the provisions of § 524 do not prohibit Wimmer from maintaining the pending state court action against the discharged Debtor. The language of § 524(a)(2) is clear that the scope of the injunction is limited to prohibiting commencement or continuation of an action to collect a debt "as a *personal liability* of the debtor." The injunction is required only when continuance of the civil suit will result in efforts to collect a judgment award from the debtor or his property. *In re McGraw, supra,* at 143. However, as in *McGraw, Rowe,* and *Elliott, supra,* the state court action will not be continued to collect the judgment from the debtor personally. The sole purpose for maintaining the suit is to obtain a judgment establishing the uninsured motorist's liability. As in *Rowe* and *Elliott, supra,* establishing this liability is a prerequisite to any right to recover. Thereafter, Wimmer will seek recovery under the provisions of uninsured motorist coverage with Virginia Farm Bureau. The Debtor and his property are not subject to any risk and maintenance of the suit does not frustrate the policy of the *Bankruptcy Code* in giving the Debtor a fresh start in his economic life.

Moreover, we find persuasive additional arguments raised in *Elliott* in favor of continuation of the suit. As with the insurer in that case, Virginia Farm Bureau presumably has factored into its premium charges the additional cost of assuming the risk of providing uninsured motorist coverage. It also is entitled to share in the Virginia Uninsured Motorist Fund under *Virginia Code* § 38.1–379.2. Were we to not permit the state court action to proceed, the insurance company would in effect escape potential liability and be unjustly enriched. *Elliott, supra,* at 310; *see, also, Doe v. Brown,* 203 Va. 508, 125 S.E.2d 159 (1962); *Matthews v. Allstate Insurance Co.,* 194 F.Supp. 459 (E.D.Va. 1961).

Furthermore, Wimmer has paid her insurance premiums to secure this coverage

5. In *Elliott,* the motion was for relief from the stay *after* the debtor had been granted a discharge. As discussed previously, the § 362 stay would no longer be in effect, but replaced by the permanent injunction of § 524. The Bankruptcy Court in *Elliott* granted relief from the stay and, on appeal, the District Court's discussion concentrated on § 362. Given that the facts in *Elliott* are almost identical to the instant case, we find it instructive in resolving the issue presented herein, although here we deal with § 524.

6. In relevant part, *Virginia Code* § 38.1–381(b) (Repl. Vol, 1981) states:
"(b) Except as provided in subsection (j) of this section, no such policy or contract relating to ownership, maintenance or use of a motor vehicle shall be so issued or delivered unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled
"to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of § 46.1–1(8);"

and with the expectation of having insurance protection. To preclude Wimmer from proceeding with the state court action effectively prevents any possibility of recovering for her alleged damages. It would be inequitable to deny her recovery on her expected protection simply by virtue of the fact that the person with whom she had a collision subsequently filed a petition with and was discharged by this Court. *In re Honosky, supra.* The opportunity to litigate the issue of liability is a significant right which cannot be easily set aside despite the existence of these proceedings. *In re Bock Laundry Machine Co.,* 37 B.R. 564, 566 (Bankr.N.D.Oh.1984); *Matter of Holkamp,* 669 F.2d 505 (7th Cir.1982); *see, also, Elliott, supra; In re Honosky, supra.*

An Order will accordingly be entered.

### ORDER

Pursuant to Memorandum Opinion this day entered, it is

ADJUDGED and ORDERED

that the provisions of § 524 do not prohibit the Movant from maintaining her pending action against the Debtor, who has received a discharge in Bankruptcy, in order to effectuate recovery under uninsured motorist coverage. The motion of Wimmer allowing her to proceed with her state court action is hereby GRANTED, with the provision that Wimmer and Virginia Farm Bureau, which may be subrogated to the rights of Wimmer, are prohibited from proceeding against the Debtor personally on any judgment obtained in any other court resulting from the automobile accident.