**In re Paul J. CATANIA, Debtor.**

**No. 87–11260–CJK.**

United States Bankruptcy Court,
D. Massachusetts.

Jan. 12, 1989.

Diane Bonafede, Gargano, Gabriele, Ciano, Paratore, Cambridge, Mass., for George Kelly.

Charles Blumsack, Woburn, Mass., for debtor.

Benjamin Tessler, Lynn, Mass., trustee.

## MEMORANDUM ON MOTION OF GEORGE KELLY FOR PERMISSION TO PROCEED AGAINST DEBTOR ONLY TO THE EXTENT OF AVAILABLE INSURANCE COVERAGE

CAROL J. KENNER, Bankruptcy Judge.

George Kelly has filed a motion for permission to proceed against the Debtor, Paul J. Catania, in a state court negligence action, but only to the extent of available insurance coverage. The Debtor filed an opposition to the motion. I denied the motion when neither the movant nor the Debtor appeared at the first hearing on it; however, the motion has been revived by my allowance of the movant's motion to reconsider.

The facts and procedural background are as follows. Kelly alleges that in April, 1987, the Debtor caused injuries to him by negligently operating a motor vehicle.

Kelly further alleges that at the time of the accident, the Debtor was acting in the course of his employment, driving a van for his employer, American Cable Systems, which was covered under an insurance policy issued by Reliance Insurance Company. In November, 1987, Kelly commenced suit against the Debtor and against American Cable Systems in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts.[1]

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code in August, 1987, and a discharge order was entered on January 8, 1988. The Trustee's final report has long been on file, but because of the various motions filed herein by the movant, this case has not been closed.

The filing of a petition in bankruptcy operates as a stay, applicable to all entities, of the commencement or continuation of a judicial proceeding against the debtor that was or could have been commenced before the commencement of the bankruptcy case. 11 U.S.C. section 362(a)(1). The stay continues in effect until the case is closed or dismissed. 11 U.S.C. section 362(c)(2). Moreover, a discharge issued pursuant to 11 U.S.C. section 727 operates as a permanent injunction against the commencement or continuation of an action to recover any debt discharged thereunder as a "personal liability" of the debtor. 11 U.S.C. section 524(a)(2). However, the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. section 524(e).

Therefore, as far as the Bankruptcy Code is concerned, any personal liability the Debtor may have had to Kelly has been discharged.[2] Kelly may not maintain an

---

1. The movant has not indicated to this Court the cause of action of the Superior Court suit. Nor has he alleged that Reliance Insurance Company or any other insurer is a party to the suit. Nor has he stated or explained to this Court that Massachusetts law requires that the Debtor be joined as a defendant in this suit.

2. The Debtor's debt to Kelly was discharged despite Kelly's motion objecting to discharge of his claim. On December 28, 1987, nine days before the Debtor's discharge was entered, Kelly filed a motion objecting to the discharge of his claim against the Debtor, asking specifically that Kelly not be discharged to the extent of insurance available to cover that claim. On February 3, 1988, I ordered that the motion be treated as a timely-filed complaint under section 523 and that Kelly pay the filing fee and arrange to have the matter treated as an adversary proceeding. Kelly has not taken any action on that

action to recover that debt from the Debtor. Nonetheless, the discharge of the Debtor's liability to Kelly did not discharge or otherwise affect the liability of any other entity—whether it be the Debtor's insurer, his employer, his employer's insurer, a joint tortfeasor, or any other party—on that debt.[3]

■ The question raised by this motion is whether Kelly may bring suit against the Debtor on the discharged debt, not to recover the debt as a personal liability of the Debtor, but in order to recover the debt from a third party. The courts that have considered this issue agree that the movant may maintain such a suit against the Debtor. I agree with their reasoning.

In *In re Mann*, 58 B.R. 953 (Bankr.W.D. Va.1986), the court permitted the movant to continue her state court tort action against the debtor, who had received a discharge, in order to recover under the uninsured motorist clause of the movant's insurance policy. The court reasoned that the movant would not thereby be offending against the fresh start policy of the Bankruptcy Code because she would not be seeking to collect the debt as a personal liability of the debtor. *Id.* at 958. Moreover, were the Court to prohibit the tort action from proceeding, it would unjustly enrich the insurer and deprive the movant of proceeds to which she was entitled under her insurance policy. *Id.* at 958–959.

It would be inequitable to deny her recovery on her expected protection simply by virtue of the fact that the person with whom she had a collision subsequently filed a petition with and was discharged by this Court. *In re Honosky*, [6 B.R. 667, 670 (Bankr.S.D.W.Va.1980) ].

*Id.* at 959. The court concluded that "[t]he opportunity to litigate the issue of liability is a significant right which cannot be easily set aside despite the existence of these proceedings." *Id.*

■ The same reasoning obtained in *In re White*, 73 B.R. 983 (Bankr.D.Dist.Col. 1987), in which the court declared that the movant was entitled to proceed to judgment in her negligence lawsuit against the debtor in order to recover from the debtor's insurer. The court noted that, as the debtor's insurer would fully cover all costs of defense and all potential liability, the lawsuit would not affect the assets of the debtor's estate. It also noted that disallowing the action would provide a windfall to the insurer, which had received a premium for providing insurance, and would deprive innocent personal injury claimants and general creditors of the estate of the benefits of the proceeds.[4]

The other cases that have addressed this issue reach the same conclusion with similar reasoning. *Rowe v. Ford Motor Co.*, 34 B.R. 680 (M.D.Ala.1983) (lifting section 524 injunction to permit movant to bring personal injury suit against debtor in order to recover from movant's uninsured motorist insurer and from automobile manufacturer); *Elliott v. Hardison*, 25 B.R. 305 (E.D.Va.1982) (lifting automatic stay so as

order. Moreover, it now appears that the motion did not state a legitimate basis for excepting Kelly's claim from discharge. (In retrospect, it appears that the motion objecting to discharge was in essence a motion for permission to proceed against the Debtor solely to recover damages from a third party, not from the Debtor.) Because Kelly has not acted on my order, and because the motion is groundless, I now deny it. Therefore, the debt owing to Kelly from the Debtor has been discharged.

3. I express no opinion as to whether any of these parties shared the Debtor's liability before he was discharged. I state only that, if they shared the Debtor's liability before the discharge, the discharge did not extinguish their liability.

4. The *White* court explained that the general creditors of the estate would be injured because "[their] pro rata share of the estate's assets must necessarily diminish by inclusion of a claim that could be but is not paid by insurance." *Id.* at 985. The court thus implied that the insurance proceeds belong to the personal injury claimants, not to the debtor's estate. At least in the First Circuit, the law is otherwise. The debtor's estate includes all the debtor's legal or equitable interests in property, 11 U.S.C. section 541(a)(1), including the debtor's interest in liability insurance, "the debtor's right to have the insurance company pay money to satisfy ... debts accrued through ... the insured's negligent behavior." *Tringali v. Hathaway Machinery Company, Inc.*, 796 F.2d 553, 560 (1st Cir. 1986).

to allow movant to obtain personal injury judgment against debtor in order to recover under movant's uninsured motorist insurance); *Matter of McGraw,* 18 B.R. 140 (Bankr.W.D.Wis.1982) (granting relief from stay and lifting section 524 injunction, thereby permitting movant to sue debtor for negligence in order to recover from debtor's employer and employer's insurer); *In re Honosky,* 6 B.R. 667 (Bankr.S.D.W. Va.1980) (lifting the automatic stay to permit movant to sue debtor for negligence in order to recover from debtor's insurer). See also 3 *Collier on Bankruptcy,* para. 524.01[3] p. 524–16 (15th ed. 1988).

I agree with and adopt the reasoning of the *White* and *Mann* opinions. The Bankruptcy Code was meant to provide the debtor with a fresh start; it was not meant to insulate third parties from liability on obligations they shared with the debtor. The Code states clearly in section 524(a) that the discharge of a debt of the debtor does not affect the liability of any other entity on that debt. The Code should not be construed to place unnecessary procedural obstacles in the path of claimants seeking to proceed against those other entities.

Still, the fresh start objective must be respected, so the movant may proceed against the Debtor only under certain conditions. In allowing the movant to proceed with its negligence action, the *White* court set forth three conditions relevant here. First, the movant can maintain the action against the debtor only when it is necessary to join the debtor in order to establish liability against a third party. If the debtor need not be joined as a party, if the third party's liability can be established in the debtor's absence, then the movant may not bring suit against him.[5] That the debtor would be an important witness in a suit against the third party, a reason mentioned by the movant at hearing, is not sufficient reason to join him as a party to the suit. The debtor must be a party in whose absence the suit against the third party would be dismissed under applicable tort and procedural laws.

Second, the movant can maintain the negligence action against the debtor only if the debtor bears none of the costs of defense. In the *White* case, the debtor's insurer was to bear the costs of defense. Here, I have no indication that the Debtor's costs of defending would be borne by anyone other than himself. If the Debtor's costs of defense are not borne by a third party, then Kelly may not go forward with his suit against the Debtor unless he first agrees to pay the Debtor's reasonable costs of defense, including legal fees and expenses.

The third, most important, and most obvious condition is that the movant may not execute on any judgment he may obtain against the Debtor, either against the Debtor personally or against his assets. A violation of this or any one of these three conditions would constitute a violation of the permanent injunction set forth in 11 U.S.C. section 524(a)(2).

To reiterate, the movant may maintain a negligence action against the Debtor in order to recover damages from a third party for the Debtor's alleged negligence, if (1) under applicable law, the Debtor is a necessary party to an action against the third party; (2) the movant agrees to pay the Debtor's reasonable costs of defense, if no third party has agreed or will agree to fund those costs; and (3) if he obtains a judgment against the Debtor, he does not attempt to execute the judgment against the Debtor personally or against his assets. A separate order shall enter accordingly.

---

5. The *White* opinion does not discuss the necessity requirement at any length, but it quotes *Collier:* "[w]hen it is *necessary* to commence or continue a suit against a debtor in order, for example, to establish liability of another, perhaps a surety, such a suit would not be barred ... 3 *Collier on Bankruptcy,* [15th ed.] para. 524.01[3], p. 524–16." *In re White, supra,* at 985. (Emphasis added.)