In re Mark A. PETERSON, Debtor.

FEDERAL DEPOSIT INSURANCE COR-
PORATION as Receiver of the Ameri-
can Bank of Casper, Casper, Wyoming,
Plaintiff,

v.

Mark A. PETERSON, Defendant.

Bankruptcy No. 7–88–00781 R A.
Adv. No. 90–0045 R.

United States Bankruptcy Court,
D. New Mexico.

Sept. 6, 1990.

Carol Clark, Rio Rancho, N.M., for debt-
or.

Patricia Bradley, Albuquerque, N.M., for
FDIC.

Michael Daniels, Albuquerque, N.M., for
ACCO.

## MEMORANDUM OPINION

STEWART ROSE, Bankrtupcy Judge.

THIS MATTER comes before the Court
upon the adversary proceeding brought by
the FDIC as receiver of the American Bank
of Casper (Bank) in Wyoming against the
debtor/defendant Peterson, a former offi-
cer of the bank. The complaint seeks a
declaratory judgment that Peterson's dis-
charge in bankruptcy is not an injunction
against FDIC's suit against him to estab-
lish liability for alleged wrongful acts cov-
ered by Peterson's former bank employer
insurance policy including bank reimburse-
ment. The FDIC further seeks an order
determining that if the injunction imposed
by 11 U.S.C. § 524 is applicable, that the
injunction be modified as necessary to per-
mit the FDIC to pursue Peterson and the
insurance company. The FDIC abandons
any intent to pursue Peterson or his assets
but only seeks recovery from his former
employer's liability policy.

## FACTS

The FDIC has shown no diligence in pur-
suing this matter. On January 17, 1986
the Wyoming state examiner took posses-
sion of the property and business of the
American Bank of Casper in Casper, Wyo-
ming. The state examiner appointed the
FDIC as Receiver of the Bank under Wyo-
ming Statute § 13–4–302(a) and 12 U.S.C.
§ 1821(e). Peterson filed his bankruptcy
petition under Chapter 7 two years later on
April 6, 1988, and on January 31, 1989
Peterson was granted a discharge. Eleven
months later on December 5, 1989 a motion
to reopen the case and for an order modify-
ing the injunction imposed by Bankruptcy
Code § 524 was filed by the FDIC. The
present adversary proceeding was filed on
February 20, 1990 four years after the
FDIC took over the bank and over a year
after the debtor was granted a discharge.
This proceeding was commenced by the
FDIC's motion to reopen the case. The
Court provisionally granted that motion re-
serving issues relating to the merit thereof

until the FIDC could file this adversary proceeding. Therefore although the case has been reopened, the Court has made no ruling on the propriety thereof or cause therefore, reserving all those issues for determination in the context of this adversary proceeding.

In granting the original request that the case be reopened under 11 U.S.C. § 350, this Court took the position that such an order was merely ministerial. 11 U.S.C. § 350(b) provides "a case may be reopened in the Court in which such was closed to administer assets, to accord relief to the debtor, or for other cause." In this context, and perhaps viewing 11 U.S.C. § 350 in a light substantially different than other Courts, it appears that the words "for other cause", suggest only that the word *cause* may be equated to the word *reason*. *Good* cause is not required. The language seems to suggest only that there be a reason that the case be reopened. There need only be a matter to be heard by the Court.

The debtor has cited to the Court two cases from the Wyoming Bankruptcy Court dealing with the same Bank but with two other officers who themselves filed Bankruptcy and in which case the FDIC attempted to do the same thing as it presently tries to do here.[1] The Court there differed with these conclusions. Although those opinions are and should be accorded the greatest deference, this Court respectfully disagrees and suggests that the argument which will ensue will demonstrate the correctness of this position.

Before reaching the dispositive analysis, the request of the FDIC for a modification of the injunction provisions of the discharge as those provisions are set out in 11 U.S.C. § 524 must be considered. It is wholly inappropriate. The language of the injunction is given by Congress and there is no question that this Court in granting the discharge must give it its statutory import. There is absolutely no provision in § 524 which permits this Court to modify that injunction. This Court cannot give greater or lesser discharges. Insofar as the complaint seeks a modification of the injunctive provisions of § 524, it must and shall be denied with prejudice.

The question which the FDIC's complaint puts to this Court and the only one which this Court can and will answer is whether the complaint which the FDIC seeks to file and which this Court has by a prior provisional order, permitted to be filed pending the resolution of this adversary proceeding, is the question of whether the FDIC's complaint which, under Wyoming law,[2] must be brought against the debtor/defendant as an individual, but which is solely for the purpose of reaching liability insurance, is enjoined by § 524.

The filing of a petition in bankruptcy operates as a stay, which applies to all entities, of the commencement or continuation of a judicial proceeding against the debtor that was or could have been commenced before the commencement of the bankruptcy case. 11 U.S.C. § 362(a)(1). Section 362(a)(1) would clearly have prevented this present law suit from being prosecuted during the pendency of the bankruptcy, even if the sole motivating factor was only to establish liability of the debtor.[3] The stay continues in effect until the case is closed, dismissed, or the debtor is granted or denied a discharge *Id.* A discharge issued pursuant to 11 U.S.C. § 727 operates as a permanent injunction against the commencement or continuation of an action to recover any debt discharged thereunder as a *"personal liability"* of the debtor. 11 U.S.C. § 524(a)(2) (emphasis

1. *In re Woodworth,* No. 88–05046–A filed December 15, 1989 and *In re McCulla,* No. 87–00268–A filed December 15, 1989, In the United States Bankruptcy Court for the District of Wyoming.

2. Wyoming law requires the FDIC to name the debtor in the lawsuit to establish liability under the insurance policy. *Morris v. Farmer's Insurance Exchange,* 771 P.2d 1206 (Wyo.1989).

3. The discharge injunction is narrower in breadth than the automatic stay under § 362, which stays all judicial proceedings even when the debtor is only a nominal party. *See,* Sen. Rep. No. 95–989, 95th Cong.2d Sess. 80–81(1978), U.S.Code Cong. and Admin. News 1978, p. 5787.

added). However, the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."[4] 11 U.S.C. § 524(e). Therefore, any personal liability the debtor may have to the FDIC has been discharged.

The question raised by this adversary proceeding is whether the FDIC may bring suit against the debtor after he has received his discharge, not to recover the debt as a personal liability of the debtor, but in order to recover the debt from a third party. The Courts that have considered this issue agree that the creditor may pursue such a claim against the debtor. This Court will join in that reasoning.

Beginning with *In re Mann* 58 B.R. 953 (Bkrtcy. W.D.Va.1986) the Court there allowed the movant to reopen a bankruptcy proceeding after the debtor had received a discharge in order to pursue a tort action in state court to recover under the uninsured motorist clause of the movant's insurance policy. There, as here, the proposed suit would not offend the fresh start of the debtor because the movant would not be seeking to collect the debt as a personal liability of the debtor.[5] *Id.* at 958. If the Court had not permitted the movant to proceed with her action it would have unjustly enriched the insurer and deprived the movant of proceeds to which she was entitled under her insurance policy. *Id.* at 958–59.[6] The Court concluded that "the opportunity to litigate the issue of liability

is a significant right which cannot be easily set aside despite the existence of these proceedings. *Id.*

The same reasoning and conclusion were reached in *In re White,* 73 B.R. 983 (Bkrtcy. D.Dist.Col.1987). In *White* the Court allowed the plaintiff to proceed against the debtor to judgment in a negligence action in order to recover from the debtor's insurer. Here, as in *Mann,* the Court noted that not permitting the law suit to continue would provide a windfall to the insurer, which had received a premium for providing insurance, and would deprive the innocent personal injury claimants and general creditors of the estate of the benefits of the proceeds. In *White* the Court went on to order that it would allow the suit, "provided that all costs of defense are borne by the debtor's insurer and not the debtor personally, and provided further that there be no execution on the judgment against the debtor personally or against any of the debtor's assets except her liability insurance covering plaintiff's lawsuit." *Id.* at 986.

In *In re Catania,* 94 B.R. 250 (Bkrtcy. D.Mass.1989) the Court once again allowed the plaintiff to pursue the debtor after obtaining a discharge in a Chapter 7 for an automobile accident only so far as to establish the debtors liability and to collect on the judgment only to the extent of the available insurance.[7] The Court in its order enumerated three conditions the plaintiff had to meet in order to proceed: (1)

---

4. Generally, discharge of the principle debtor in Bankruptcy will not discharge the liabilities of co-debtors or guarantors. *Underhill v. Royal,* 769 F.2d 1426, 1432 (9th Cir.1985); The discharge of the debtor does not discharge or affect the liability of any other entity—whether it be the debtor's insurer, his employer, his employer's insurer ... *In re Catania,* 94 B.R. 250 (Bkrtcy.D.Mass.1989).

5. The discharge and the injunction of discharge are the key elements of a debtor's fresh start. *In re Kiker,* 98 B.R. 103, 109 (Bkrtcy.N.D.Ga. 1988).

6. It would be inequitable to deny her recovery on her expected protection simply by virtue of the fact that the person with whom she had a collision subsequently filed a petition with and

was discharged by this Court. *In re Honosky,* 6 B.R. 667, 670 (Bkrtcy. S.D.W.Va.1980).

7. *See also, Rowe v. Ford Motor Co,* 34 B.R. 680 (M.D.Ala.1983) lifting § 524 injunction to permit movant to bring personal injury action against debtor in order to recover from movant's uninsured motorist insurer and from automobile manufacturer; *Elliott v. Hardison,* 25 B.R. 305 (E.D.Va.1982) lifting automatic stay so as to allow movant to obtain personal injury judgment against debtor in order to recover under movant's uninsured motorist insurance; *Matter of McGraw,* 18 B.R. 140 (Bkrtcy.W.D. Wis.1982) granting relief from stay and lifting § 524 injunction, thereby permitting movant to sue debtor for negligence in order to recover from debtor's employer and employer's insurer. *See also,* 3 *Collier on Bankruptcy,* para. 524.-01[3] p. 524–15 (15th ed. 1988).

Under applicable law, the debtor is a necessary party to an action against the third party; (2) the movant agrees to pay the debtor's reasonable costs of defense, if no third party has agreed or will agree to fund those costs; and (3) if he obtains a judgment against the debtor, he does not attempt to execute the judgment against the debtor personally or against his assets.

■ More recent cases concur with those cases already cited. In *In re Grove*, 100 B.R. 417 (Bkrtcy.C.D.Ill.1989) the FDIC requested permission to pursue the banks claim, a shareholders derivative action against the debtor post discharge. In *Grove* the FDIC wished to pursue the debtor in order to establish his liability and in turn proceed against the insurer. The debtor was a director of a failed bank for which the FDIC was appointed receiver, and therefore inherited the banks action against the debtor. The FDIC in asking for permission to proceed indicated that it would not enforce any judgment against the debtor personally. In *Grove* as in the case at bar, the debtor objected to the proceeding claiming that the debtors would have to expend assets to defend the action. The debtors in *Grove* adopted an analysis based on § 362 of the Bankruptcy Code and urged the Court to employ a balancing test.[8] In the present case the debtor alludes to the same argument but does not really raise it. As this Court has indicted § 362 is not the proper issue. Once the debtor receives a discharge § 362 no longer is applicable but is replaced by the permanent injunction of § 524. As has been noted previously other courts have held that § 524 does not prohibit the continuance of litigation against the debtor in order to permit an insurance recovery. *In re Mann supra.* Therefore a balancing test would be wholly inappropriate under § 524(e).[9]

■ The question raised in all the cases cited as well as in the case at bar is whether the debtor's fresh start will be adversely affected by allowing the suit to continue. The FDIC is not seeking to impose any personal liability on the debtor. The insurance company here has raised the issue that they have no duty to defend since the policy has lapsed. The FDIC claims that there was a tolling agreement which prevented this from happening. The FDIC goes on to state that the debtor need not defend, that it merely submit to a default judgment leaving the insurance company to decide whether to defend or submit itself to the same default judgment.

The debtor obtained a discharge in bankruptcy and no objections to his discharge or dischargeability of the debt have been filed. Therefore, the debtor has no liability to pay any judgment the FDIC might recover in its action. This along with the indication from the FDIC that they will not seek to enforce a judgement against the debtor leaves the debtor with nothing to gain or lose monetarily.

Therefore, the Court finds that the debtor's fresh start is not affected by the pursuit of the litigation, and the injunction provided by § 524 does not bar the FDIC from proceeding against the debtor.

The Court believes the law to be correctly stated as follows: The injunction provided by § 524 is not a bar to the FDIC from proceeding against the debtor to establish his liability and then to proceed against the insurer, provided that the debtor shall have no personal liability for the payment of any judgment rendered against him in that action.

Counsel for the plaintiff is directed to submit an appropriate form of order within ten days.

■

---

8. The test consisted of three elements: [1] will any "great prejudice" be done to either the bankruptcy estate or the debtor from a continuation of the litigation; [2] does the hardship to the plaintiff in that litigation to the maintaining of the stay considerably outweigh the hardship to the debtor; and [3] does the plaintiff have a probability of prevailing on the merits. *In re Grove*, 100 B.R. 417, 419 (Bkrtcy.C.D.Ill.1989).

9. It makes no sense legally or equitably for an insurer to escape insurance coverage or injuries caused by its insured merely by the happenstance of the insured's bankruptcy discharge. Such a result would be fundamentally wrong. *In re Lembke*, 93 B.R. 701 (Bkrtcy.D.N.D.1988).