928 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph A. LONGO, Plaintiff-Appellant,
v.
Don GLIME, James Kernen, Alvin H. Michel, and Midwest Auto
Auction & Service, Inc., Defendants-Appellees.
 Nos. 89-1952, 89-1997 and 89-2010.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 86-73842; Zatkoff, J.
 E.D.Mich.
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 Before DAVID A. NELSON, Circuit Judge, WELLFORD* Senior Circuit Judge, and MEREDITH**, District Judge.
 PER CURIAM.
 
 
 1
 Joseph Longo, an Illinois attorney and resident, bought a used 1980 Porsche automobile in September 1985 from defendant, Don Glime (Glime), a Michigan resident, individually and doing business as Perri Auto Sales, at a Michigan automobile auction conducted by a Michigan business, defendant Midwest Auto Auction & Service (Midwest). Longo has been litigating this purchase about what he claims was a misrepresented "lemon" car since filing suit based on diversity and a federal law claim against Glime and Midwest in federal district court in Michigan. The bill of sale contained this prominent statement: "Sold as is--no warranty implied."
 
 
 2
 Longo claims that he paid $9,000 cash, what he thought was fair market value, for the automobile in question, and he claims (in a motion for change of venue to Illinois, or for a nonsuit under Fed.R.Civ.P. 41(a)) that defendant Glime "stated" it was in "perfect condition." After buying the car in Michigan and having a friend drive it back to Illinois, Longo, shortly thereafter, assertedly experienced problems with it and a mechanic told him "the car had serious mechanical problems," transmission deficiencies, and in his opinion, had been driven more than the 59,125 mileage reflected on the odometer.[1] Another mechanic assertedly was of a similar view about the Porsche.
 
 
 3
 Plaintiff sued under 15 U.S.C. Sec. 1981, et seq. (the Odometer Act), the Illinois Consumer Protection Act, and on other bases of false misrepresentation or fraud. Longo was unsuccessful on his motion to change venue and/or to dismiss without prejudice. The parties pursued acrimonious discovery and sanctions against each other in connection with the suit.
 
 
 4
 The district court in October 1987 dismissed defendant Midwest based on untimely service under Fed.R.Civ.P. 4(j). A few weeks later, plaintiff was permitted to amend his complaint and to add two alleged officers of Midwest as well as Midwest itself and to seek a jury trial.[2] Glime had filed a petition in bankruptcy in July of 1987 and his attorney sought to withdraw as counsel in November, after Glime had been discharged on November 4, 1987, by Bankruptcy Judge Graves in Detroit.[3] Longo was listed in bankruptcy as an unsecured creditor. The district court denied the motion to file the second amended complaint and the request for a jury trial. The court also denied Longo's claim for sanctions. Voluminous discovery efforts by plaintiff proceeded space.
 
 
 5
 Midwest, Michel and Kernen then moved for summary judgment. Longo, by motion, requested "to appear by telephone" at the hearing on this motion. The magistrate in the case held plaintiff's discovery demands upon Midwest, Michel, and Kernen to be excessive and unreasonable and struck the interrogatories and production requests. Defendants also moved for sanctions against Longo and for an order directing plaintiff to respond to their discovery requests. Rule 11 sanctions were granted against Longo for his suit against Michel and Kernen. The district court granted summary judgment in favor of Midwest, Michel and Kernen.
 
 
 6
 The dismissal of claims against the individuals was based upon the following conclusions:
 
 
 7
 In the present case, the plaintiff failed to present any facts pertaining to the liability of the defendants Kernen and Michel until he submitted his second supplemental reply brief on September 21, 1988. Dismissing the claims against defendants Kernen and Michel, therefore, comports with the three-pronged purpose behind the creation of Rule 9(b): First, it prevents the plaintiff from suing persons in the hope that facts might subsequently surface which would support the allegations; second, dismissal would protect the individual defendants' reputations; third, factual allegations contained in a supplemental reply brief, filed over two years after the filing of the original complaint, nearly nine months after the filing of the amended complaint, and over five months after the filing of the defendants' motion to dismiss, cannot be said to provide the individual defendants with adequate notice of the charges against them. Therefore, without addressing the merits of the plaintiff's contentions against Kernen and Michel, the court dismisses the claims against these individual defendants for failure to comply with Rule 9(b).
 
 
 8
 The district court dismissed plaintiff's claims of negligence against Midwest on the following basis:
 
 
 9
 In order to prove negligence under Michigan law, the plaintiff must establish that the defendant owes the plaintiff a legal duty, that defendant did not exercise ordinary care in performing this duty, and that the defendant's negligence was the proximate cause of the injury incurred by the plaintiff. Temborious v. Slatkin, 157 Mich.App. 587, 599 (1986) (per curiam). In Michigan, however, auctioneers have no duty to inspect items they auction. The court in Meyers v. Robb, 82 Mich.App. 549, 556 (1978), reasoned "that the risk created by an auctioneer's failure to inspect the items to be sold is a reasonable risk" and, as a result, does not serve as the basis for which an action in negligence may be maintained. Therefore, the defendant's failure to inspect the Porsche and its failure to institute procedures to prevent the sale of defective automobiles or of automobiles having inaccurate odometer readings is not actionable.
 
 
 10
 The district court, as a matter of law, found no basis for plaintiff's negligence claims against Midwest. Since Midwest never took title to the Porsche, the court also found that Midwest was not a transferor within the meaning of 15 U.S.C. Sec. 1988(a), and therefore odometer claims did not lie against Midwest. Under the Michigan law, the district court held that Midwest was not an "owner" of the Porsche, never took title, and was thus "not obligated to comport with the requirements in the statute." The court also held that remarks of the driver of the car and the auctioneer at the auction were "puffing" or "seller's talk" and not actionable as fraudulent misrepresentations nor under the Michigan Consumer Protection Act. See Vulcon Metals Co. v. Simmons Mfg. Co., 248 F. 853 (2d Cir.1918), and Hayes Const. Co. v. Silverthorn, 343 Mich. 421, 426 (1955).
 
 
 11
 The district court awarded $2,260 as sanctions in favor of Michel and Kernen, 10% of the total fees submitted by them as incurred by reason of Longo's claims, plus the magistrate's sanction of $2,230 for discovery abuse and violations.
 
 
 12
 The district court considered the bankruptcy discharge to preclude any recovery of the discharged debt claimed against Glime. Plaintiff, however, in December of 1987 filed a motion to vacate the discharge in bankruptcy, but this motion was denied. Plaintiff claimed in district court that Glime had posted a surety bond, and that plaintiff should be permitted to pursue his claim against that $10,000 surety bond. Holding that "a surety must be provided the opportunity to present evidence to rebut or contradict liability on its bond" under Michigan law, the court granted summary judgment for Glime,[4] but indicated that Longo might pursue his claim against the bonding company separately.
 
 
 13
 Longo appealed the judgment granted Glime and the other defendants based upon claims of "negligent misrepresentation, fraud, gross negligence or ... negligence," the Michigan Consumer Protection Act, and the odometer statutes, federal and state. He also appealed the award of sanctions against him and the denial of his motion for sanctions against Glime's attorney, and the earlier order denying transfer to Illinois and denying leave to sue the auto club (AAA-Michigan) as a defendant. (Waldman, the Glime attorney, cross appealed for failure to award him and/or his client sanctions). Midwest, Michel, and Kernen cross appeal the denial of sanctions to Midwest and the amount of sanctions granted the individual defendants.
 
 
 14
 This record is full of pleadings, motions, filings, and briefs submitted by the various parties. We find the issues to be close on the question of odometer fraud and violations of the federal and state laws on this subject with respect to defendant Midwest. We are satisfied, however, that Longo has not established that the district court committed error in granting judgments to Glime by reason of the discharge in bankruptcy, see, e.g., In Re Mann, 58 B.R. 953, 959 (Bankr.W.D.Va.) (treating correction of errors committed in bankruptcy court as a matter of equitable discretion), and to Michel and Kernen for the reasons stated in the district court's opinion.
 
 
 15
 While the plaintiff's case against Midwest on the various theories presents difficult questions, we are persuaded, after looking at this record, that the experienced Michigan judges sitting as district court judges in this lengthy and unfortunate controversy have not been shown to have acted erroneously in construing the federal and state law and issues involved. We AFFIRM therefore, on the issues of liability as to all defendants.
 
 
 16
 With respect to sanctions, we AFFIRM the denial of sanctions against attorney Martin Waldman and his firm, and the denial of Waldman's claim for sanctions, finding no abuse of discretion in this regard. Mihalic v. Pro Arts, Inc., 851 F.2d 790, 793 (6th Cir.1988). We also AFFIRM on the same basis the magistrate's determination of sanctions against Longo in the amount of $2,230. On the question of sanctions denied to Midwest, we AFFIRM again based on no showing of abuse of discretion. See Oliveri v. Thompson, 803 F.2d 1265 (2d Cir.1986) (cited in Jackson v. O'Hara, 875 F.2d 1224 (6th Cir.1989)).
 
 
 17
 Finally, we REVERSE and REMAND on the question of liability and amount of sanctions imposed against Longo with respect to his fruitless actions against Michel and Kernen. There is insufficient rationale in this respect for this court to review this question adequately, and there is no adequate explanation for the imposition of sanctions in the amount of $2,260.
 
 
 18
 Costs are assessed against Longo on his claims against all parties on claims of liability, except Midwest, which will bear its own costs. Longo and Michel and Kernen will each bear their own costs on the sanctions questions, as will Waldman.
 
 
 
 *
 JUDGE WELLFORD TOOK SENIOR STATUS EFFECTIVE JANUARY 21, 1991
 
 
 **
 THE HONORABLE RONALD E. MEREDITH, Judge, United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 The odometer mileage statement on the Porsche dated September 4, 1985, furnished by Glime as transferor in Detroit to transferee Long, reflected 59,725 miles with a certification that to the best of Glime's knowledge this "reflects the actual mileage." A prior July 1985 bill of sale from Auto Club Insurance Ass'n, transferor, to Glime, buyer, at auction reflected by the same type certificate 58,408 miles with an additional check marked on the form to the effect that the odometer was not set back. Glime purportedly paid $5,100 for this "salvage" Porsche through Auto City Auto Recovery, an insurance auto salvage operator
 
 
 [2]
 Longo sought to file a second amended complaint in February 1988 against Glime, Midwest, and two of the latter's officers, Michel and Kernen. Plaintiff sought rescission and damages, punitive damages, and odometer damages as well against Midwest and its officers. Longo claimed damages for failure to verify the odometer statement, and also sued under the Michigan Consumer Protection Act and the Michigan Odometer Act. Longo also added Auto Club Insurance Association claiming odometer fraud and damages under the Michigan Consumer Protection Act
 
 
 [3]
 The bankruptcy court lifted the stay to allow Longo to pursue his claim against Glime but discharged the latter in November. Longo filed no objection to the discharge
 
 
 [4]
 On motion for reconsideration, the district court held that plaintiff's failure to act promptly and properly in bankruptcy court to object to the discharge of Glime barred relief in the district court