110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dan A. JOEL; Anne E. Cochran; Plaintiffs-Appellants,
v.
Loretta S. ARNOLD; Robert S. Sage; Lynn Boyd Stites;
Defendants-Appellees.
 No. 95-56783.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1997.*
Decided March 20, 1997.
 
 Before: SCHROEDER, WIGGINS, LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants' complaint seeks a declaratory judgment that the district court has exclusive jurisdiction over the appellants' attorney's fee dispute with appellees. The district court dismissed appellants' complaint for lack of subject matter jurisdiction. We affirm for the reasons stated below.
 
 
 3
 We review de novo the district court's conclusion that it lacks subject matter jurisdiction. Wilson v. A.H. Belo Corp., 87 F.3d 393, 396 (9th Cir.1996).
 
 
 4
 The district court has nonexclusive jurisdiction over "all civil proceedings ... arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In order to meet the "related to" test, appellants must be able to show that "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Feitz, 852 F.2d 455, 457 (9th Cir.1988). Appellants do not suggest that the outcome of this dispute will have any impact upon the bankruptcy estate; rather, this dispute will only resolve whether appellants or appellees obtain the bankruptcy court's fee award. The record does not disclose any possibility that the funds in dispute may somehow be restored to the estate. Accordingly, it does not appear that the federal courts have even nonexclusive jurisdiction under section 1334(b) over this matter, much less exclusive jurisdiction as appellants suggest.
 
 
 5
 Appellants also suggest that the Marlin Entities bankruptcy case should be reopened under 11 U.S.C. § 350(b), which permits the reopening of a case "to administer assets, to accord relief to the debtor, or for other cause." Appellants present no authority in which this section has been used to create a "back door" to the federal courts for claims that are not otherwise subject to the federal courts' jurisdiction. The case appellants cite, In re Peterson, 118 B.R. 801 (Bankr.D.N.M.1990), is inapposite from the instant case. There, the bankruptcy court reopened proceedings so that it could determine whether the debtor's bankruptcy discharge prevented the FDIC from litigating certain claims against the debtor.
 
 
 6
 What happened in this case is relatively clear. Appellants were satisfied, at least initially, to litigate this matter in state court. Appellants answered the state court complaint and moved for summary judgment. When the motion for summary judgment was denied, appellants began looking for the nearest exit to another forum. Unfortunately for them, their arguments that this matter is subject to the exclusive jurisdiction of the federal courts are unavailing.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3