## CIRCUIT COURT OF HANOVER COUNTY

Michael S. Moran

v.

Dwayne Edward Leach et al.

June 30, 2011

Case No. CL98000050-00

By Judge J. Overton Harris

Before the Court are State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Dismiss and Mr. Moran's Motion for Default Judgment. The Court heard argument on May 3, 2011, and took the matters under advisement. After careful review and consideration the Court finds as follows.

### I. *Background*

This matter arises out of an automobile accident that occurred on February 16, 1996, in Hanover County, Virginia. On February 13, 1998, Plaintiff filed a Motion for Judgment against Builders Transport, Inc. ("Builders Transport"), the owner of the vehicle that collided with Plaintiff's vehicle, and Mr. Leach, the employee of Builders Transport, who was operating the company's vehicle at the time of the collision. At the time of the accident, State Farm was Plaintiff's underinsured/uninsured motorist carrier.

On May 21, 1998, Builders Transport filed a Voluntary Petition for Relief under Chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia. The present case was stayed in 2001 pending the outcome of the bankruptcy proceeding. On April 21, 2000, State Farm was served with the Motion for Judgment as Plaintiff's underinsured/uninsured motorist carrier. State Farm filed its Grounds of Defense on May 12, 2000.

On December 5, 2005, Plaintiff moved for Relief from Stay to liquidate his claim in state court, but the Motion was dismissed for failure to prosecute. On July 30, 2008, Plaintiff accepted a distribution from the Builders Transport bankruptcy estate in the amount of $2,250. Subsequently, the bankruptcy case was closed. State Farm is now requesting that the case be dismissed, and Mr. Moran is requesting that default judgment be entered against Mr. Leach.

## II. *Analysis*

### A. *Motion To Dismiss*

State Farm is seeking dismissal of the case for two reasons. First, State Farm argues that, pursuant to the Joint Consolidated Liquidating Chapter 11 Plan confirmed in the bankruptcy case, an injunction is in place preventing Plaintiff from obtaining a judgment against Builders Transport. Under principles governing liability of joint tortfeasors applicable to master and servant, Plaintiff is also barred from obtaining a judgment against Mr. Leach. According to State Farm, since Plaintiff cannot obtain a judgment against either defendant, the case should be dismissed. Secondly, State Farm argues that the case should be dismissed because Mr. Moran received full satisfaction for his claim under Virginia Code § 8.01-443.

Upon the granting of a discharge in bankruptcy, the automatic stay of 11 U.S.C. § 362 is dissolved and replaced by a permanent injunction pursuant to 11 U.S.C. § 524. In relevant part, § 524(a) provides that:

> (a) A discharge in a case under this title [11 U.S.C. §§ 101 et seq.]
>
> (1) voids any judgment at any time obtained, *to the extent that such judgment is a determination of the personal liability of the debtor* with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title [11 U.S.C. § 727, 944, 1141, 1228, or 1328], whether or not discharge of such debt is waived;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset *any such debt as a personal liability of the debtor*, whether or not discharge of such debt is waived. . . .

11 U.S.C. § 524(a) (2011) (emphasis added). Section 524(e) provides that "except as provided in subsection (a)(3) of this section, *discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.*" (Emphasis added.)

Numerous courts have been confronted with a tort claimant who seeks to proceed against a discharged debtor only for the purpose of recovering against an insurer. Many of those courts have relied on 11 U.S.C. §§ 524(a) and 524(e) in concluding that the discharge injunction does not bar such a suit. See, e.g., *In re Mann*, 58 B.R. 953 (Bankr. W.D. Va. 1986). The *Mann* case is factually similar to the present case. In *Mann*, the plaintiff, who had uninsured motorist coverage, was involved in an automobile accident with a vehicle driven by Mann, an uninsured motorist. *Id.* at 954. The plaintiff filed a Motion for Judgment in state court against Mann requesting $50,000 in damages. The plaintiff's insurance provider was also served with the Motion for Judgment. Subsequently, Mann filed for Chapter 7 bankruptcy and listed the plaintiff as an unsecured creditor without priority. *Id.* The plaintiff never filed for relief from stay to proceed in the state court. *Id.* at 956. Mann was granted a discharge, and the stay was replaced by the permanent discharge injunction under § 524. *Id.* The Trustee's report showed no distribution. *Id.* at 955.

The plaintiff in *Mann* filed with the Bankruptcy Court a Motion To Reopen the Case and a Motion for Relief from the § 524 injunction. *Id.* The Bankruptcy Court held that:

> [T]he provisions of § 524 do not prohibit [the plaintiff] from maintaining the pending state court action against [Mann,] the discharged debtor. The language of § 524(a)(2) is clear that the scope of the injunction is limited to prohibiting commencement or continuation of an action to collect a debt "as a *personal liability* of the debtor." The injunction is required only when continuance of the civil suit will result in efforts to collect a judgment award from the debtor or his property. . . . The sole purpose for maintaining the suit is to obtain a judgment establishing the uninsured motorist's liability.

*Id.* at 958. The Bankruptcy Court further concluded "it would be inequitable to deny [the plaintiff] recovery on her expected [insurance] protection simply by virtue of the fact that the person with whom she had a collision subsequently filed a petition with and was discharged by this Court." *Id.* at 959.

In the present case, the Court clearly does not have authority to overrule an injunction issued by a federal court. Nevertheless, the Court finds that pursuant to § 524, the injunction that followed Builders Transport's discharge in bankruptcy does not necessarily bar Plaintiff from obtaining a judgment against Mr. Leach since Mr. Leach was not a party to the bankruptcy proceeding.

Furthermore, given previous rulings from bankruptcy courts and federal courts, including the decision in the *Mann* case, the Court finds that, should

the Bankruptcy Court grant a request from Plaintiff to lift the injunction, Plaintiff would be entitled to proceed against Builders Transport only for the purpose of recovering against his uninsured/underinsured motorist insurance. The Court is aware that, in the *Mann* case, no distribution was made to the plaintiff, whereas, in this case, Plaintiff accepted a distribution from the Builders Transport bankruptcy estate in the amount of $2,250. However, it would be inequitable to deny Plaintiff recovery on his expected uninsured/underinsured insurance protection simply because the Builders Transport was discharged in bankruptcy. The very purpose of uninsured/underinsured motorist insurance is to cover property damage and bodily injury caused by another motorist who is uninsured or who does not have sufficient insurance coverage to cover the damages.

For the foregoing reasons, the Court declines to dismiss the case on the basis that Plaintiff cannot obtain a judgment against either defendant.

The Court also denies the Motion to Dismiss on the basis that Plaintiff received full satisfaction for his claim under Virginia Code § 8.01-443. Virginia Code § 8.01-443 provides in pertinent part:

> If there be a judgment against one or more joint wrongdoers, the full satisfaction of such judgment accepted as such by the plaintiff shall be a discharge of all joint wrongdoers, except as to the costs; provided, however, this section shall have no effect on the right of contribution between joint wrongdoers as set out in § 8.01-34.

In this case, Plaintiff voluntarily filed a Proof of Claim as part of Builders Transport's bankruptcy proceeding thereby submitting itself to the jurisdiction of the Bankruptcy Court. Plaintiff is precluded from ever collecting or otherwise recovering in any manner against Builders Transport. As previously discussed, § 524(e) makes it clear that discharge of a debt of the debtor does not affect the liability of any other entity. The Court finds that the release of Builders Transport from further collection proceedings did not operate as a release of Mr. Leach or State Farm as contemplated in Va. Code § 8.01-443.

## B. *Motion for Default Judgment*

Plaintiff requests that the Court enter a default judgment against Mr. Leach for failure to file responsive pleadings within twenty-one days of service of the Motion for Judgment by the Secretary of the Commonwealth.

Under Virginia Code § 38.2-2206(F), an uninsured/underinsured motorist carrier served with process has "the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured or underinsured motor vehicle or in its own name." The

Supreme Court of Virginia has interpreted § 38.2-2206(F) to require that the insurer be allowed to assert its defenses against the plaintiff's claim without regard to the course of action chosen by the defendant. *See State Farm Mut. Auto. Ins. Co. v. Cuffee*, 248 Va. 11, 14, 444 S.E.2d 720, 722 (1994) (holding that an uninsured motorist carrier has the right under Va. Code § 38.2-2206(F) to file pleadings and take other action allowable by law in a personal injury case notwithstanding that the uninsured tortfeasor admits liability for the injuries); *State Farm Mut. Auto Ins. Co. v. Beng*, 249 Va. 165, 171, 455 S.E.2d 2, 5 (1995) (holding that an underinsured motorist carrier has the right under § 38.2-2206(F) to defend a tort case even though the underinsured tortfeasor proffered a confession of judgment exceeding her liability coverage).

In this case, State Farm was served with the Motion for Judgment as Plaintiff's uninsured/underinsured motorist carrier. Subsequently, State Farm filed a timely Grounds of Defense. Entering default judgment against Mr. Leach would deny State Farm the rights guaranteed it by Virginia Code § 38.2-2206(F). For that reason, Plaintiff's Motion for Default Judgment is denied.