## In re Rocco PANTALEONE and Anna Pantaleone, Debtors.

### Bankruptcy No. 83–04078G.

United States Bankruptcy Court,
E.D. Pennsylvania.

June 8, 1984.

Mitchell R. Leiderman, Jay A. Shuman, Hyatt Legal Services, Upper Darby, Pa., for debtors, Rocco Pantaleone and Anna Pantaleone.

David L. Marshall, Henderson, Wetherill, O'Hey & Horsey, Norristown, Pa., for movant, Empire Adjustment and Appraisal Service, Inc.

Samuel M. Brodsky, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before the bench is whether we should grant a creditor's motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code ("the Code") to permit that creditor to continue prosecuting a civil action against the debtor and a third party. For the reasons expressed below, we will grant the motion.

The facts of this case are as follows:[1] Prior to the filing of the debtors' petition for relief under chapter 7 of the Code on December 30, 1983, the debtors' home was damaged by fire. Several days after the fire the debtors contracted with the plaintiff, Empire Adjustment and Appraisal Service, Inc. ("Empire"), which agreed to assist the debtors in the adjustment of their fire claim against the insurer of the structure, in exchange for which the debtors agreed to give Empire 25% of any amount paid by the insurer on the claim. The insurer issued checks totaling $11,150.00 which named as payees the debtors, Empire and Greater Delaware Valley Savings & Loan Association ("the S & L") which was the debtors' mortgagee on the home. Empire endorsed the check on the assurances of the S & L that Empire would be given its share of the checks. The S & L then obtained the debtors' endorsements, cashed the checks and applied the money toward reducing the debtors' balance on the mortgage. Empire has not yet been given its share of the insurance fund by the S & L. In state court Empire commenced an action against the debtors for failing to pay Empire's portion of the set-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052 (effective August 1, 1983).

tlement fund, and judgment on that action has since been entered. Empire then commenced another action in state court against the S & L. The S & L then added the insurer and the debtors as third party defendants. Thereafter the debtors filed their petition for relief.

Immediately on the filing of a petition for relief under the Code a stay automatically arises which generally bars all debt collection efforts against the debtor or property of his bankruptcy estate. Empire, noting that the debtors had been joined in its action against the S & L as indemnitors, ceased prosecuting the action in light of the automatic stay, but it has now moved for relief from the stay in order to continue with its action.

Empire contends that the debtors are only nominal parties as to its action against the S & L in state court, and that its intention is merely to secure a judgment against the S & L and not obtain any relief against the debtors. In support of this allegation, Empire notes that it has already obtained judgment against the debtors on their failure to pay its bill. The debtors counter these charges with the suggestion that the state court may enter judgment against them on the S & L's claim for indemnification.

We will grant relief from the stay under § 362(d)(1), "for cause," since the debtors will not be subject to greater liability than they are at the present time. If the worst situation envisioned by the debtors is realized, then Empire will be awarded judgment on its action against the S & L and the court will enter judgment in favor of the S & L against the debtors on the indemnification claim. Although two judgments will have been entered against the debtors, only one satisfaction will be possible. Thus, the debtors plight will be no worse after resolution of the state court action. Alternatively, the legislative history of § 362(d) states that "a desire to permit an action to proceed to completion in another tribunal may provide another cause" for relief under § 362(d)(1). H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343 (1977), *re-printed* in 1978 U.S.Code Cong. & Admin. News 5787, 6300. Accordingly, we will enter an order granting relief from the stay.