**FARMERS STATE BANK OF DELAVAN, Minnesota, Appellant,**

v.

**EASTON FARMERS ELEVATOR, Respondent.**

No. C7-90-210.

Court of Appeals of Minnesota.

July 3, 1990.

Review Denied Sept. 20, 1990.

Gary W. Koch, Reed H. Glawe, Gislason, Dosland, Hunter & Malecki, New Ulm, for appellant.

Brian D. Roverud, Frundt, Johnson & Roverud, Ltd., Blue Earth, for respondent.

Considered and decided by GARDEBRING, P.J., and NORTON and MULALLY,* JJ.

## OPINION

NORTON, Judge.

Appellant Farmers State Bank of Delevan ("Bank") seeks review of summary judgment granted in favor of Easton Farm-

ers Elevator ("Elevator"). Bank had sought partial summary judgment on its conversion claims against Elevator. After summary judgment was entered against it, Bank moved for amended findings. It now seeks review of the trial court's denial of that motion as well. We affirm.

## FACTS

Gary and Shirley Johnson ("the Johnsons") were farmers who for many years had a financing relationship with Bank and bought feed from and sold their grain to Elevator. The Johnsons and Bank entered into a security agreement which gave Bank a security interest in the Johnsons' 1986 crop, its products and proceeds. Bank filed a financing statement on May 2, 1986 to perfect this security interest.

On October 14, 1986, the Johnsons sold soybeans to Elevator. The Johnsons accepted a check for half the proceeds and applied the other half to their outstanding feed bill at Elevator. Through a restrictive endorsement clause on the back of the check, Johnson guaranteed that he was sole owner of the crop and that it was free of liens and chattel mortgages. On October 27, 1986, the Johnsons again sold soybeans to Elevator making the same financial arrangement. On October 28, 1986, Bank wrote Elevator that the purchase of farm products from the Johnsons was a violation of Bank's security agreement. In August of 1987, Bank brought suit against Elevator for conversion. In November of 1987, the Johnsons filed a petition in bankruptcy under chapter 12.

On December 15, 1987, the Johnsons and Bank finalized a stipulated settlement in bankruptcy court. The stipulation released the Johnsons from their debt to Bank, and in exchange the Johnsons conveyed real estate to Bank and then entered into a contract for deed to repurchase that real estate. Closing was scheduled for January of 1988. On January 14, 1988, prior to closing, the Johnsons and Bank executed

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

an addendum to their stipulation. The addendum provides that although the stipulation resolved all disputes between Johnsons and Bank, the settlement does not prejudice Bank's right to pursue against third parties claims which relate to the debtors, specifically causes of action for conversion. The parties executed the addendum and then closed the real estate transactions.

The Johnsons' petition in bankruptcy was voluntarily dismissed. In July of 1989, Bank moved for partial summary judgment that, among other things, Elevator was not a buyer in the ordinary course of the Johnsons' farm products and that the stipulation between Bank and the Johnsons did not bar Bank's action against Elevator. Bank sought judgment against Elevator in the amount of the proceeds which Elevator applied to the Johnsons' antecedent feed bill, plus interest.

On October 30, 1989, summary judgment was entered denying Bank's motion and granting Elevator summary judgment dismissing Bank's entire cause of action. Bank then moved for amended findings, alleging that entry of summary judgment was inappropriate because a genuine issue of material fact remained regarding whether Bank and the Johnsons intended the addendum and settlement agreement to bar Bank's action against Elevator. Bank submitted additional evidence in support of its motion for amended findings. The trial court denied the motion and Bank filed a notice of appeal from the summary judgment.

## ISSUE

Did the trial court err in granting summary judgment in favor of Elevator?

## ANALYSIS

On appeal from summary judgment, this court must determine whether there is any genuine issue of material fact and whether the trial court erred in its application of the law. *Offerdahl v. University of Minnesota Hospitals and Clinics*, 426 N.W.2d 425, 427 (Minn.1988). As it did in its motion for amended findings, Bank alleges a genuine issue of material fact regarding whether Bank intended the Johnsons to be released from all liability, despite the express language of their agreement. Bank also ar-gues that the trial court erred in concluding as a matter of law that Bank released the Johnsons from their debt. Bank's challenge to a conclusion of law in a motion for amended findings is unexplained. In seeking summary judgment, Bank took the position that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. It may not change its position on appeal. The order denying its motion for amended findings is not appealable. The only issue on appeal is whether the trial court correctly applied the law.

In granting summary judgment in favor of Elevator, the trial court relied on this court's decision in *Austin Farm Center v. Austin Grain Co.*, 418 N.W.2d 181 (Minn. App.1988). The trial court held that settlement of the primary obligation between Bank and the Johnsons discharges any secondary liability of Elevator, (citing *Austin* at 186).

■ Bank's conversion claim against Elevator derived from Bank's security agreement with the Johnsons. Secured transactions are governed by Article 9 of the Uniform Commercial Code. *See* Minn. Stat. §§ 336.9–101–.9–508 (1988). Elevator concedes it was not protected as a buyer in the ordinary course to the extent that it credited the Johnsons' antecedent feed debt. 'Buying' does not include a transfer in partial satisfaction of a money debt. Minn.Stat. § 336.1–201(9) (1988). The issue presented on appeal is whether, having released the Johnsons, Bank could maintain an action against Elevator.

Bank argues that the January 14, 1988 addendum, executed before closing, was effective to modify the December 1987 settlement contract between Bank and the Johnsons in a way that preserved its claim against Elevator. Bank's argument is disingenuous. Bank argues that although it released the Johnsons from liability, it never released Elevator, or in the alternative, it did not release the Johnsons to the extent of the claim against Elevator. This assertion forms the basis of its argument that a genuine issue of material fact precludes

summary judgment; an argument we reject.

▉ Bank seeks to recover money, not soybeans. Therefore its action is one for proceeds under Minn.Stat. § 336.9–306 (1988). A security interest continues in collateral after transfer and also continues in any proceeds of a transfer of collateral. Minn.Stat. § 336.9–306(1) and (2). When a debtor makes an unauthorized disposition of collateral, the security interest continues in the collateral in the hands of the purchaser or other transferee. Minn.Stat. § 336.9–306; Minn.Stat.Ann. § 336.9–306, official comment 3 (West 1989). Because the transferee takes subject to the security interest, the secured party may repossess the collateral or maintain an action for conversion. "The secured party may claim both proceeds and collateral, but may of course have only one satisfaction." *Id.* Bank, having settled with and released the Johnsons, has already received the proceeds and had its one satisfaction. That Bank chose to accept less than full repayment of the Johnsons' debts does not change this result.

▉ A settlement between the secured party and the farmer operates to discharge any secondary liability of the grain buyers. *Austin Farm Center,* 418 N.W.2d at 186. The liability of the grain buyers in that situation is *vicarious* and conditioned completely on proof that the secured party has a valid *claim* against the *farmer,* who is in a position analogous to a primary tort-feasor. *Id.* (citing *Hoffmann v. Wiltscheck,* 411 N.W.2d 923, 926 (Minn.App.1987), *pet. for rev. denied* (Minn. Nov. 13, 1987)).

The trial court here correctly reasoned that Bank's claims against Elevator were extinguished when Bank released the Johnsons. In opposition to that argument, Bank relies on this dicta from *Austin:*

> As observed above, we do not believe the agreement incorporated or represented. appellant's intention to preserve its claims against the grain buyers. It is not evident that appellant expected to recover from Austin Grain and Huntting.

*Austin Farm Center,* 418 N.W.2d at 186. While that language may have been useful in analyzing whether a settlement agreement was reached, it does nothing more. Mere dicta cannot create a legal right where none exists, nor preserve one which has been released. As in *Austin,* the settlement here discharged the grain buyers from their secondary liability to the secured party.

▉ The *Austin* observation about the parties' intention as represented by the settlement agreement relates to another matter. Bank filed an affidavit of its chief loan officer that Bank intended that the Johnsons would *not* be released from liability to the extent that Bank could recover from Elevator. As Elevator correctly points out, the trial court may not consider the new evidence raised by Bank in its motion for amended findings. *Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 238, 219 N.W.2d 641, 651 (1974). Under *Rathbun,* this is new evidence which the trial court could not consider. Therefore, it is not part of the record on appeal from summary judgment and we will not review it. Nonetheless, Bank, having settled with and released the Johnsons, has no other claims. Because a secured party has the right to only one recovery, the validity of the addendum is not the issue. The settlement between Bank and the Johnsons extinguished the debt and released all collateral-related claims.

## DECISION

The satisfaction and release of the Johnson debt extinguished Bank's security interest in the subject collateral.

Affirmed.