In re James J. STANTON, Debtor.

Bankruptcy No. 90 B 20608.

United States Bankruptcy Court, S.D. New York.

Nov. 30, 1990.

Robert P. Herzog, New York City, for Berkley Arms Apartment Corp.

Kurtzman & Haspel, Nanuet, for debtor.

## DECISION ON MOTION FOR AN ORDER APPROVING STIPULATION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee in bankruptcy of the above-captioned Chapter 7 debtor and Berkley Arms Apartment Corporation, a plaintiff in an action commenced in the Superior Court of the State of New Jersey (the "state court action"), have submitted a stipulation for approval by this court terminating the automatic stay in order to permit the state court action to proceed to judgment, but staying the enforcement of any such judgment against the debtor, except upon further order of this court. The Chapter 7 debtor objects to the proposed stipulation on the ground that relief from the automatic stay imposed under 11 U.S.C. § 362 must be made by motion pursuant to Bankruptcy Rules 9014 and 4001(a). Additionally, the debtor contends that a state court judgment could have a negative impact on future dischargeability issues and will cause additional expense to the debtor in violation of his ability to obtain a fresh start.

In April of 1987, an action was commenced in the Superior Court of the State of New Jersey by the plaintiff against various defendants including a corporation of which the debtor is a member of the board of directors, a New Jersey partnership in which the debtor holds a partnership interest, various other defendants and the debtor as an individual defendant. Some of the causes of action in the state court action seek an accounting for funds collected with respect to the operation of a residential apartment complex, damages for failure to manage the building in a proper fashion, negligence in the performance of a management contract, breach of fiduciary duty to the plaintiff in performing management duties and false representations in connection with the management of the apartment complex. The plaintiff also seeks damages against the debtor for breach of his fiduciary duty to the corporation and the partnership. The plaintiff seeks punitive damages as well as compensatory damages against some of the defendants, including the debtor.

Some of the defendants in the state court action, including the debtor, appeared and interposed their answer and various counter-claims to the plaintiff's amended complaint.

On June 26, 1990, the debtor filed with this court his voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, a Chapter 7 trustee was duly appointed and continues to serve on behalf of the debtor's estate. The trustee in bankruptcy and the plaintiff submitted a stipulation executed by them for approval

by this court whereby the automatic stay imposed by 11 U.S.C. § 362 in favor of the debtor's estate would be terminated so that the state court action could proceed to judgment, but that any judgment may not be enforced by or against the debtor, except upon further order of this court.

The plaintiff reasons that the debtor is both a necessary and an indispensable party in the state court action because all parties who have a material interest in a controversy pending in the New Jersey Supreme Court must be joined in order that the court may decide the entire controversy and do complete justice, by adjudicating all the rights involved in the case. Accordingly, the plaintiff concludes that the state court action is not severable, and may not proceed without the participation of the debtor as an indispensable party.

## DISCUSSION

■ Bankruptcy Rule 4001(a) provides that a motion for relief from an automatic stay imposed under 11 U.S.C. § 362 must be made in accordance with Bankruptcy Rule 9014, which provides that in contested matters under the Bankruptcy Code, relief shall be requested by motion. However, if the parties in interest are in agreement, no motion is required because a signed stipulation by such parties, which is approved by the court, will eliminate the need for filing formal motion papers for relief from the stay. *See Sellersville Savings and Loan Association v. Kelly*, 29 B.R. 1016, 1018 (E.D.Pa.1983) (stipulations between the parties are favored by the law). Accordingly, the Chapter 7 debtor may not challenge the stipulation submitted by his Chapter 7 trustee in bankruptcy and Berkley Arms Apartment Corporation on the ground that relief from the stay may be obtained only on motion. However, the debtor may object to the court's approval of the stipulation, if such stipulation would adversely affect the debtor's personal interests.

■ Manifestly, the trustee acquires the debtor's prepetition property interests as part of the concept of property of the estate as expressed in 11 U.S.C. § 541 because 11 U.S.C. § 323(a) declares that the trustee is the representative of the estate. The trustee, however, does not represent the debtor's post-petition interests, nor does the trustee represent the debtor's personal involvement in objections to dischargeability filed by creditors pursuant to 11 U.S.C. § 523. *See In re Overmyer*, 26 B.R. 755 (Bankr.S.D.N.Y.1982). Therefore, the Chapter 7 debtor has standing to object to the stipulation between the trustee and Berkley Arms Apartment Corporation, which would authorize the continuance of the state court action against the debtor and other defendants.

The debtor's participation in the state court action following the lifting of the automatic stay could result in an adverse judgment which might have preclusive effect with regard to dischargeability issues, especially since Berkley Arms Apartment Corporation has already filed with this court a complaint objecting to the dischargeability of its claim against the debtor pursuant to 11 U.S.C. § 523. *See Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) (prior state court default judgment was not *res judicata*, but extrinsic evidence to the judgment could be considered by the bankruptcy court to support a complaint seeking nondischargeability of a specific claim, including facts actually determined for purposes of collateral estoppel).

■ Although the debtor has standing to object to the stipulation between the trustee and Berkley Arms Apartment Corporation modifying the automatic stay so as to allow the state court action to proceed to judgment, it does not follow that the debtor's objection is persuasive.

The debtor is one of several defendants in the state court action. As a member of the board of directors of one of the corporate defendants and as a partner in another defendant, in addition to being sued in his individual capacity as a defendant, the debtor has a material interest in the state court action pending in New Jersey and is a necessary party in that action in order for the state court to determine the entire controversy with respect to the rights of all

the parties in the case. *See Cogdell v. Hospital Center of Orange,* 116 N.J. 7, 560 A.2d 1169 (1989). It would adversely affect the rights of the other parties in the New Jersey case if the debtor could seek refuge behind the automatic stay, notwithstanding the fact that his trustee in bankruptcy has determined that the property of the debtor's estate would not be adversely affected by the modification of the stay so as to allow the state court action to proceed to judgment and thereafter stayed until further order of this court.

The New Jersey litigation is based upon a state law claim which does not arise under title 11, or in a case under title 11, and which could not have been commenced in a court of the United States. Therefore, had the New Jersey case been commenced in this court as a case related to the debtor's Chapter 7 case there would have been a strong argument for applying the doctrine of permissive abstention, as reflected in 28 U.S.C. § 1334(c)(1), especially since the trustee has determined that the New Jersey litigation does not implicate or affect property of the estate within the meaning of 11 U.S.C. § 541. Thus, had the stipulating parties moved for a modification of the automatic stay in accordance with 11 U.S.C. § 362(d)(1), there would have been sufficient "cause" to support such modification. "A clear congressional policy exists to give state law claimants a right to have claims heard in state court. *See* 28 U.S.C. § 1334(c). If the case were brought today, it would be heard in state court." *Piombo Corporation v. Castlerock Properties (In re Castlerock Properties),* 781 F.2d 159, 163 (9th Cir.1986).

Additionally, the debtor will not be subject to a greater liability by having to defend the state court action. Indeed, if the debtor is successful in defending the state court action, there will be no judgment entered against him, with the result that the issue of dischargeability may be academic. "Thus, the debtors plight will be no worse after resolution of the state court action." *In re Rocco Pantaleone,* 39 B.R. 612, 613 (Bank.E.D.Pa.1984).

It is also conceivable that the adversary proceeding in this court commenced against the debtor by Berkley Arms Apartment Corporation to determine the dischargeability of its claim against him pursuant to 11 U.S.C. § 523 may be heard and resolved long before any judgment is entered in the New Jersey litigation, which has been pending for more than three years. In such event, the modification of the automatic stay to allow the New Jersey litigation to proceed will have no further affect with respect to the debtor's prepetition liability, if any.

The debtor reasons that this court should not lose sight of the causes of action in the state court complaint in that the debtor is named personally as a defendant in only four of the eighteen causes of action. He concedes that he may be an appropriate witness in the state court action, but that except for the four causes of action against him personally, there is no reason why the state court action could not proceed without his involvement as a party defendant. Thus, the debtor asserts that the four causes of action filed against him in the state court action could appropriately be heard as claims against the debtor in the bankruptcy court. This argument elides the fact that Berkley Arms Apartment Corporation has not yet filed with this court any claims against the debtor, although the 90-day filing period prescribed by Bankruptcy Rule 3002(c) has not yet expired. If a timely proof of claim is filed, the debtor could appropriately cause the trustee to object to such claim and schedule a hearing on the objection, which would constitute a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B), and which could be determined by this court before the state court action is resolved. A core proceeding involving the allowance or disallowance of claims against an estate, as distinguished from a non-core, or "related to" adversary proceeding concerning common law issues, is not the type of litigation which would qualify for discretionary abstention because all claims against a debtor's estate should generally be resolved by the bankruptcy court. *In re Texaco,* 109 B.R. 609 (S.D.N.Y.1989).

If Berkley Arms Apartment Corporation does not file a timely proof of claim, the debtor will have grounds for arguing that his liability for the causes of action asserted against him in the state court action should be discharged, with the result that any further continuance of the state court action against the debtor would be enjoined under 11 U.S.C. § 524(a)(2) and any judgment against him declared void pursuant to 11 U.S.C. § 524(a)(1). Therefore, the modification of the automatic stay in order to allow the state court action to proceed should not adversely affect the debtor's right to have this court determine expeditiously the extent of his personal liability with respect to filed claims and the dischargeability of such claims.

There is no reason why the automatic stay should continue as a permanent shield, preventing the other parties in the New Jersey case from proceeding with their litigation when the interests of the debtor's estate will not be adversely affected by such litigation and the debtor will not be subject to any greater liability than at the present time. Moreover, the issue of dischargeability as to the debtor's liability, if any, may be determined in this court before any judgment is entered in the state court action. Therefore, the debtor's objection to the stipulation for stay modification executed by the trustee and Berkley Arms Apartment Corporation is not valid.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and subject matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core matter in accordance with 28 U.S.C. § 157(b)(2)(G).

2. The stipulation executed between the trustee in bankruptcy and Berkley Arms Apartment Corporation modifying the automatic stay so as to allow the latter to proceed with the litigation in New Jersey against the named defendants, including the debtor, up to the point of judgment, is supported by sufficient cause within the meaning of 11 U.S.C. § 362(d)(1).

3. Although the debtor has standing to object to the proposed stipulation, the debtor or has not presented a valid reason why such stipulation should not be approved by this court, especially since a modification of the automatic stay would not adversely affect property of the estate nor would it subject the debtor to greater liability than at the present time.

4. The debtor's objection to the proposed stipulation is overruled. The court will approve the stipulation.

IT IS SO ORDERED.