**In re Steven Arthur GREENWAY, Debtor.**

**Bankruptcy No. 90–10288.**

United States Bankruptcy Court,
E.D. Texas,
Beaumont Division.

Jan. 21, 1991.

Marcus Pitre, Wright & Pitre, Port Neches, Tex., for James E. Jones.

John Durkey, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for Steven Greenway.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

For consideration before this Court is the Motion of James E. Jones, Creditor, for clarification of a prior order of this Court discharging Debtor pursuant to 11 U.S.C. § 727. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule of Procedure 7052 and disposes of all of the issues presented to the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of the case before this Court are not materially disputed. On April 27, 1990, Steven Arthur Greenway, Debtor, filed a voluntary petition in Chapter 7. On June 6, 1990, Creditor, James E. Jones, filed a Motion to lift the automatic stay as to the continuation of pending state court litigation seeking to establish Debtor's negligent operation of a motor vehicle belonging to Debtor's employer. On July 17, 1990, the Court lifted the automatic stay to allow Creditor, Jones, "to proceed to secure a judgment in the state district court in cause no. D–129,000, styled James E. Jones, et al, v. Steve Arthur Greenway, et

al, in the 136th Judicial District Court of Jefferson County, Texas ...'' The Order expressly stated that "no levy, attachment, sequestration or perfection of any judgment lien shall be taken as to any property or property right of the bankruptcy estate of Steven Arthur Greenway" except through the bankruptcy court at a future date. Shortly thereafter on August 15, 1990, an order discharging Debtor was entered by this Court.

Subsequently, a dispute arose between Debtor, Greenway, and Creditor, James E. Jones, as to the effect of Debtor's discharge order. In the state court action, the subject of the previous Motion to Lift the Automatic Stay, the liability insurance carrier for Debtor's employer filed an affirmative defense alleging that Debtor, Greenway's, discharge in bankruptcy acts not only as a discharge of Debtor's liability to Creditor but in addition acts as a discharge of the liability in toto. Thus, the issue presented to this Court concerns whether the 11 U.S.C. § 524 permanent injunction entered as a result of Debtor's discharge in Chapter 7 precludes a determination of Debtor's tortious liability in order for Creditor to recover from Debtor's employer's insurance carrier.

## DISCUSSION OF LAW

The fundamental issue of the effect of a discharge order on a debtor and/or on related third parties has been addressed on numerous occasions in the case law. Statutorily, it is clear that a debtor's discharge pursuant to 11 U.S.C. § 727 operates as an injunction against "... the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any debt as a *personal* liability of the debtor ..." (emphasis added) 11 U.S.C. § 524(a)(2). That language tracks the Court's August 15, 1990, Order discharging Debtor. As explained by the Court in *In re: Lembke*, 93 B.R. 701, 702 (Bkrtcy.D.N.D.1988) "a discharge in bankruptcy does not extinguish the debt itself but merely releases the debtor from personal liability ..." Since the debt still exists, it can be collected from "any other entity that might be liable." *Id.* at 702.

Statutorily, this is evidenced by 11 U.S.C. § 524(e) which provides in pertinent part that the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."

A review of case law indicates that the courts have been almost uniform in their conclusion that discharge injunctions do not prevent creditors from determining the liability of debtor, defendants, as a prerequisite to recovering in further actions monetary recoveries from third parties. In *In re: Jet Florida Systems, Inc.*, 883 F.2d 970, 976 (11th Cir.1989) the court held that "a plaintiff may proceed against the Debtor simply in order to establish liability as a prerequisite to recover from another, an insurer, who may be liable." In addition, the court found that the "fresh start" policy of the Bankruptcy Code as evidenced by the injunctive effect of a discharge was "not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured." *Id.* at 975. In *In re: Catania*, 94 B.R. 250, 252 (Bkrtcy.D.Mass.1989), a case with substantially the same factual basis as the case at hand, the court held that "the discharge of a debtor's liability to [a plaintiff] did not discharge or otherwise effect the liability of any other entity—whether it be the debtor's insurer, his employer, his employer's insurer, a joint tortfeasor, or any other party—on that debt." *Id* at 252. *See also In re: Peterson*, 118 B.R. 801 (Bkrtcy.D.N.M.1990); *In re: Traylor*, 94 B.R. 292 (Bkrtcy.E.D.N.Y. 1989).

Finally, this Court will briefly discuss its concerns that subjecting a discharged debtor to post-discharge litigation, may in and of itself, violate the "fresh start" principle even though the debtor will not ultimately entail any personal liability on any subsequent state court judgment. In acknowledging the potential for this unintended consequence, the court in *In re: Catania*, 94 B.R. 250, 253 (Bkrtcy.D.Mass.1989) conditioned its order allowing the plaintiff to proceed against the discharged debtor subject to three conditions. First, the debtor

had to be a necessary party to the state court action. Second, the plaintiff was to bear the ultimate responsibility for any of debtor's resulting legal costs in the absence of any arrangement to the contrary i.e. the cost being borne by the insurer. Third, no attempts could be made by any prevailing plaintiff to collect a resulting judgment from the debtor or his assets. Subject to these three conditions, the *Catania* court allowed the joinder of the discharged debtor as a party defendant. The Eleventh Circuit Court of Appeals in *In re: Jet Florida Systems, Inc.*, 883 F.2d 970 (11th Cir.1989) also considered the potential violation of the "fresh start" principle should discharged debtors be joined as party-defendants in order to determine liability so as to collect from third parties. However, the *Jet Florida Systems* court was not convinced that a discharged debtor, joined as a party defendant for the purposes of determining liability for future litigation involving third parties, was at personal risk of entailing any significant pecuniary loss either through being held accountable for any resulting judgment or through suffering financial loss as a result of paying legal fees in the ensuing litigation. The court was unwilling to entertain a precondition, as set forth in the *Catania* court, that the plaintiff accept ultimate responsibility for any of debtor's ensuing legal expenses. The court noted that this pre-condition would only provide an incentive for the debtor to "claim to assume that burden." *Id.* at 976. Secondly, the court acknowledged the legal and economic reality of this scenario necessarily requires an insurance company to assume all of the litigation expenses of a debtor faced with this type of litigation. As recognized by the court

> The insurance company may be responsible pursuant to a contract with the bankrupt, in which case it is in their direct interest to defend the action. On the other hand, if there is a dispute between the bankrupt and the insurer as to the applicability of coverage, it remains in the interest of the insured to defend the suit. In a situation such as the one at bar, the debtor would be free to de-

fault because the plaintiff cannot recover directly from the bankrupt estate. In that scenario, we recognize that the insurance company would be compelled to litigate its responsibility under the insurance contract in order to avoid payment. *Id.* at 976. This Court is in accordance with the logic and rationale of the 11th Circuit Court of Appeals that a discharged debtor, joined in post-discharge litigation for the purpose only of determining liability, suffers no prejudice of any significant financial nature. Accordingly, this Court is of the opinion that there is no necessity to impose any pre-conditions on Plaintiff's litigation involving Debtor.

It is the opinion of this Court that the August 15, 1990, Discharge Order of Debtor does not act a bar to the continuation of state district court cause no. D–129,000 against defendant/debtor as long as Plaintiff's actions are in compliance with the Court's Order of July 31, 1990, lifting the stay and the terms of this opinion.

IT IS SO ORDERED.