**In re Catherine Alida CZUBA, Debtor.**

**Bankruptcy No. 4–92–2217.**

United States Bankruptcy Court, D. Minnesota.

Oct. 21, 1992.

Steven C. Eggimann, Meagher & Geer, Minneapolis, Minn., for debtor.

Marc M. Berg, Selmer Law Firm, P.A., Minneapolis, Minn., for Christine L. Breaux.

William Fisher, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, Minn., for TCBY Systems, Inc.

### MEMORANDUM ORDER DENYING MOTION TO MODIFY PERMANENT INJUNCTION

NANCY C. DREHER, Bankruptcy Judge.

The above entitled matter came on for hearing before the undersigned on the 16th day of September, 1992 on a motion by Christine L. Breaux for modification of the permanent injunction imposed by 11 U.S.C. § 524. Appearances were Marc M. Berg for Christine L. Breaux ("Breaux"); Steven C. Eggimann for Catherine A. Czuba ("Debtor"); and William J. Fisher for TCBY Systems, Inc. ("TCBY").

### FACTS

Debtor is the President and owner of Northland Yogurt Incorporated ("Northland"), a Minnesota corporation, which operated several yogurt shops as a franchisee of TCBY. Christine Breaux began working for Northland in April 1989 as a sales associate in its Uptown Minneapolis location. She subsequently became the manager of that store and was terminated from her position as manager in April, 1990. On one occasion both Breaux and Debtor worked at the Uptown location together. Northland's Eden Prairie and Richfield stores were managed by Kari Wodahl, who, it has been alleged, is the live-in mate of the debtor.

In May 1990, shortly after being terminated, Breaux brought an action against Debtor, Northland, TCBY, and Wodahl in state district court alleging that during the course of her employment she was subjected to sexual advances by debtor, and that on one occasion debtor and Wodahl attempted to force her into a lesbian sexual relationship. Breaux also alleged that she had been wrongfully terminated after she refused those advances and refused to enter into a lesbian relationship.

Her Amended Complaint is framed in three counts. First, she asserts several causes of action for sex discrimination under Chapter 363 of Minnesota Statutes (the "Minnesota Human Rights Act"), including sex discrimination, sexual harassment, and wrongful reprisal discharge. Second, she asserts tort causes of action for intentional infliction of emotional distress, assault, and battery. Third, she asserts a claim for breach of contract in connection with her employment relationship with the debtor. TCBY is alleged to be directly liable to Breaux on the sex discrimination causes of action and vicariously liable on the tort claims. Breaux does not assert a claim against TCBY or Northland for breach of contract.

Debtor asserts that the sexual activities in which the parties engaged were consensual and encouraged by Breaux. She has also counterclaimed. The trial court has denied motions for summary judgment made by both sides and the matter is approaching trial readiness.

In a related proceeding, judgment has been entered declaring that Employers National Insurance Company, Northland's liability insurance carrier, has no duty to defend or indemnify Debtor, Wodahl, or Northland against Breaux's claims. TCBY has asserted that it does not intend to provide the debtor with a defense to the action. Apparently, it is TCBY's current defense strategy to establish merely that there was no agency relationship and that whatever activities occurred were well outside the scope of any agency relationship. What the parties did and whether the acts were consensual will thus be irrelevant to the TCBY defense.

On March 24, 1992, during the pendency of Breaux's suit, debtor petitioned for relief under Chapter 7 of the Bankruptcy Code. On June 30, 1992, a discharge order was entered. No action was commenced by Breaux seeking to have the debt owed to Breaux by the debtor declared to be

nondischargeable. Rather, shortly after the entry of discharge, Breaux has moved to have this court modify the discharge for the sole purpose of allowing Breaux to establish liability and damages against the debtor, but acknowledging that no personal judgment may be entered against her for such amount.

## DISCUSSION

### A. The Discharge Injunction Generally.

The filing of a petition in bankruptcy operates as an automatic stay of all collection activities against the debtor, the debtor's property or property of the estate. 11 U.S.C. § 362. Upon discharge, the stay is replaced with a permanent discharge injunction which operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived. 11 U.S.C. § 524(a)(2).

Relevant to the instant action, Section 524 imposes, upon discharge, a permanent injunction against, *inter alia*, continuation of an action to collect or recover from any discharged debt as a personal liability of the debtor.

■ It is clear that the discharge does not apply to or affect the liability of any other party for such debt. 11 U.S.C. § 524(e). "[T]he statutory language, on its face, does not preclude the determination of the debtor's liability upon which the damages would be owed by another party, such as the debtor's liability insurer." *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 973 (11th Cir.1989); *see also In re Shondel*, 950 F.2d 1301, 1307 (7th Cir.1991); *In re Pappas*, 106 B.R. 268, 270 (D.Wyo.1989); *In re Greenway*, 126 B.R. 253, 254 (Bankr. E.D.Tex.1991). The protection afforded to the debtor by discharge does not bestow a similar benefit on others who may be liable on behalf of the debtor. *Green v. Welsh*, 956 F.2d 30, 33 (2nd Cir.1992).

### B. Standards for Modification of the Discharge Injunction.

When the debtor is a co-defendant in litigation arising out of discharged debts, the discharge prevents the action from going forward against the debtor. Obviously, the protection accorded to the debtor should not be used as a sword by non-debtor co-defendants to avoid the full and fair litigation of their liability. There has thus developed a body of case law enumerating the circumstances under which it is appropriate to modify the discharge injunction in a manner that will serve the dual goals of protecting the debtor's fresh start and leaving intact the rights of non-debtor parties.

■ Virtually all of these cases have developed in the context of a tort action where the creditor was seeking to recover from the debtor's insurer. *Green v. Welsh*, 956 F.2d 30 (2nd Cir.1992); *In re Shondel*, 950 F.2d 1301 (7th Cir.1991); *In re Jet Florida Systems*, 883 F.2d 970 (11th Cir. 1989); *In re Pappas*, 106 B.R. 268 (D.Wyo. 1989); *In re Lembke*, 93 B.R. 701 (Bankr. D.N.D.1988); *In re White*, 73 B.R. 983 (Bankr.D.C.1987); *see also In re Greenway*, 126 B.R. 253 (Bankr.E.D.Tex.1991) (creditor seeking recovery from the debtor's employer's insurance carrier); *In re Catania*, 94 B.R. 250 (Bankr.D.Mass.1989) (creditor did not specify from whom recovery was sought, possibly "Debtor's insurer, his employer, his employer's insurer, [or] a joint tortfeasor"). Such cases establish a three part test for modifying the discharge injunction to allow a party to proceed against the discharged debtor. In order to obtain a modification of the injunction to allow such litigation to proceed, the moving party must establish that:

(1) The debtor is a necessary party in the pending litigation and dismissal of the debtor will result in the moving party not being able to pursue its remedies against the non-debtors;

(2) Pursuit of the action with the debtor involved will not impose a financial hardship on the debtor that derogates the sweeping effect of the discharge; and

(3) The parties agree that the modification is confined to establishing liability for damages and does not allow pursuit of a judgment against the discharged debtor.

*In re Pappas*, 106 B.R. at 271; *In re Catania*, 94 B.R. at 253; *In re Lembke*, 93 B.R. at 703; *In re Greenway*, 126 B.R. at 254–55. Since Breaux concedes that she is enjoined from any attempt to enter judgment or to otherwise collect on a determination of the debtor's liability, two issues remain: (1) Whether the debtor is a necessary party to the pending state court action; and (2) Whether the modification should be conditioned on payment of debtor's costs in defending such an action, in order to avoid financial hardship to the discharged debtor.

### C. Necessary Parties.

Minnesota Rule of Civil Procedure 19.01, which for all intents and purposes is identical to Federal Rule of Civil Procedure 19(a), provides as follows with respect to joinder of necessary parties:

A person who is subject to service of process shall be joined as a party in the action if (a) in the person's absence complete relief cannot be accorded among those already parties, or (b) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (1) as a practical matter impair or impede the person's ability to protect that interest or (2) leave anyone already a party subject to a substantial risk or incurring double, multiple or otherwise inconsistent obligations by reason of the person's claimed interest.

Minn.R.Civ.P. 19.01. Debtor should therefore be considered a necessary party to the state court litigation if: (1) Breaux or the non-debtor defendants cannot obtain a complete remedy without the debtor as a co-defendant; (2) the debtor will be unable to protect her interest in the litigation if she isn't a party thereto; or (3) the other defendant's will be subject to inconsistent obligations if the debtor isn't a party.

Breaux asserts that debtor is a necessary party to the action in state court. It is her contention that with respect to the tort counts she will be relying on a theory of vicarious liability, and that in doing so she must first establish liability against the debtor in order to obtain judgment against the other defendants. She also argues that debtor is a necessary party to the Minnesota Human Rights Act count because she must prove that the debtor committed the underlying acts of harassment. Debtor responds that under Minnesota law Breaux can establish liability and proceed to judgment against the other defendants without the debtor as a co-defendant. At most, debtor argues, she is a material witness, not a necessary party.

### 1. The Common Law Tort Counts.

█ Breaux argues that her remedy against the debtor's co-defendants on the common law tort counts is based on vicarious liability, and that the debtor is a necessary party to such vicarious liability claims. Whether the debtor's relationship to the other defendants is alleged to be that of principal and agent, or master and servant, the Minnesota Supreme Court recognizes that the doctrine of vicarious liability applies to both such relationships.[1] *Schneider v. Buckman*, 433 N.W.2d 98, 101 (Minn. 1988); *Virtue v. Creamery Package Mfg. Co.*, 123 Minn. 17, 31–32, 142 N.W. 930 (1913). However, the mere fact that Breaux is pursuing a theory of vicarious liability does not mean that the debtor is a necessary party.

█ The Minnesota Supreme Court holds that the vicarious liability both of master

---

**1.** Breaux refers to the relationship between the debtor and the co-defendants as that of principal and agent, while the debtor refers to the relationship as one of employer and employee. *See Memorandum in Support of Motion for Relief from the Permanent Injunction,* September 2, 1992, at p. 5; *Catherine A. Czuba's Memorandum of Law in Opposition to Christine L.* *Breaux's Motion for Relief from the Permanent Injunction,* September 15, 1992, at pp. 8–9. The mere fact that such relationships are alleged and that Minnesota applies vicarious liability to such relationships is sufficient for my decision today. The actual nature of the relationship is one for the state court to decide.

and servant, and of principal and agent, is characterized as joint and several liability. *Schneider v. Buckman*, 433 N.W.2d at 101; *Kisch v. Skow*, 305 Minn. 328, 332, 233 N.W.2d 732, 734 (1975). Where liability is joint and several, the plaintiff is entitled to proceed against all parties in one action, or can proceed individually in separate actions against each. *Schneider v. Buckman*, 433 N.W.2d at 101. Furthermore, the plaintiff is entitled to judgment in full from each defendant as long as there is no double recovery. *Moss v. Jones*, 93 N.J.Super. 179, 225 A.2d 369, 372 (App.Div.1966); *see also Schneider v. Buckman*, 433 N.W.2d at 103 (100% recovery against employer where judgment could not be entered against employee). That being the case, none of the criteria for finding the debtor to be a necessary party under Rule 19.01 are met: (1) Breaux can obtain a complete remedy against the co-defendants since she can proceed to judgment in full against each; (2) the debtor need not worry about protecting her interest since any personal obligation has been discharged; and (3) there is no danger of double recovery against the non-debtor defendants since the debtor has been discharged and has no claim against them.

Accordingly, the debtor cannot possibly be considered a necessary party to the common law tort counts merely because the non-debtor co-defendants are alleged to be vicariously liable for the debtor's acts. Her testimony may be necessary to prove or disprove the factual allegations of the case, but she can be subpoenaed as a witness in order to elicit such testimony. She is not a necessary party merely because her actions are the basis of Breaux's claims against the co-defendants.

Breaux has cited a number of cases in support of her argument that the debtor is a necessary party to the vicarious liability tort counts, but none of those cases supports her argument. All of the Minnesota cases merely establish that a plaintiff's settlement and release of an agent also operates as a release of the principal for any vicarious liability based on the agents actions. *See Reedon v. Fidelity & Guaranty Ins. Underwriters, Inc.*, 418 N.W.2d 488,

490 (Minn.1988); *Pischke v. Kellen*, 384 N.W.2d 201, 205 (Minn.Ct.App.1986); *Hoffman v. Wiltscheck*, 411 N.W.2d 923, 925–26 (Minn.Ct.App.1987); *Campbell v. I.S.A.*, 424 N.W.2d 785, 790 (Minn.Ct.App.1988); *Farmers State Bank v. Easton Elevator*, 457 N.W.2d 763, 766 (Minn.Ct.App.1990). Nothing in those cases suggests that the same principles should apply where the agent is dismissed from the proceeding based on a bankruptcy discharge. Nor do those cases imply that the plaintiff could not pursue an action against only the principal or the agent without joining the other. The only case Breaux cites that does address the necessary party question is *In re Stanton*, 121 B.R. 438 (Bankr.S.D.N.Y. 1990), wherein the court concluded *without analysis* that the debtor, an individual, was a necessary party to a lawsuit filed against him individually as well as against a corporation of which he was a director, and a partnership in which he was a partner. *Stanton* at 440. I do not find such conclusory statements persuasive, especially since the facts of *Stanton* are dissimilar to those of the present case.

The debtor, on the other hand, has referred me a case in which the plaintiff proceeded to judgment against its employer based on vicarious liability for common law tort claims even though the offending employee was not a party thereto. *Wirig v. Kinney Shoe Corp.*, 461 N.W.2d 374 (Minn.1990). Although the issue apparently was not before the court, the case suggests that the perpetrating employee is not a necessary party to a suit based on vicarious liability for common law torts.

2. The Minnesota Human Rights Act Count.

■ In the *Wirig* case, the plaintiff also obtained a judgment against its employer under the Minnesota Human Rights Act even though the offending employee was not a party thereto. The debtor also cites *Tretter v. Liquipak Int'l, Inc.*, 356 N.W.2d 713 (Minn.Ct.App.1984) wherein the plaintiff similarly obtained a judgment against its employer under the Minnesota Human Rights Act without naming the employee

who allegedly committed the acts of harassment. Once again, while neither court addressed the issue, the cases suggest that the offending employee is not a necessary party.

 Although I have found no other case law on the issue, the very nature of the cause of action and the elements of proof required make it clear to me that the debtor is not a necessary party to the Minnesota Human Rights Act count. In order to establish a case against the employer, the aggrieved employee must show that the employer knew generally of the complained of actions, or should have known, and that the employer condoned them or took no reasonable steps to remedy such actions. *McNabb v. Cub Foods,* 352 N.W.2d 378, 383–84 (Minn.1984); *Tretter v. Liquipak,* 356 N.W.2d at 715–16. The employer's liability thus springs from the employer's own knowledge and actions, not merely from the actions of the perpetrating employee.

Accordingly, Breaux can obtain complete relief in debtor's absence because any liability of the debtor has no effect on Breaux's ability to recover against the other defendants based on their liability for their own actions. Once again, protection of the debtor's interest in the litigation is not a problem since the debtor has been discharged. There is no danger of multiple or inconsistent obligations against the non-debtor defendants since the debtor has no claim against them under the Act. As above, the debtor's testimony may once again be helpful or even necessary in proving or disproving the factual allegations underlying the claims against the other defendants, but she need not be joined as a party for the court to adjudicate the remaining defendants' liability.

3. The Breach of Good Faith Count.

Breaux's breach of contract claim is stated only against the debtor and there are no allegations of breach of contract against the other defendants. That being the case, the action clearly cannot proceed on such count because such proceeding would violate the discharge injunction; there are no other parties against whom to proceed.

## CONCLUSION

 The protections of the discharge injunction should only be modified to allow a party to proceed against the debtor when, among other requirements, the debtor is a necessary party to such proceedings. The debtor in the present case is not a necessary party to the tort and Minnesota Human Rights Act counts, and therefore the proceeding cannot go forward against the debtor on those counts. The proceeding cannot go forward on the contract count because such count is alleged against the debtor only. The debtor should be voluntarily dismissed from the state court proceeding so that Breaux can proceed against the other defendants, and if voluntary dismissal is not possible then the debtor should move the state court for such a dismissal.

Since I have concluded that the discharge injunction should not be modified since debtor is not a necessary party, there is no need for me to decide whether the continuation of the suit against the debtor would pose a financial hardship and whether Breaux should therefore be required to pay the debtor's defense costs.

ACCORDINGLY, IT IS HEREBY ORDERED: Breaux's motion for modification of the permanent injunction imposed by 11 U.S.C. § 524 is DENIED, and Breaux may not continue her state court proceeding against the debtor.