**Gregory T. DYRDAL, Appellant,**

v.

**LINDFORS AGENCY, INC., Respondent.**

**No. C4–93–2205.**

Court of Appeals of Minnesota.

July 19, 1994.

Review Denied Sept. 28, 1994.

Delray L. Sparby, Ihle & Sparby, P.A., Thief River Falls, for appellant.

David R. Unkenholz, Dickel, Johannson, Taylor, Rust & Tye, P.A., Crookston, for respondent.

Considered and decided by HARTEN, P.J., and SCHUMACHER and SHORT, JJ.

## OPINION

HARTEN, Judge.

Appellant Gregory T. Dyrdal challenges the district court's summary judgment holding that Dyrdal's settlement of his claim in a bankruptcy proceeding extinguished Dyrdal's claims against respondent Lindfors Agency. We reverse and remand.

## FACTS

Between October 1 and December 26, 1989, Dyrdal and Mr. Carrot, Inc. (Mr. Carrot) entered into three lease agreements for the storage of produce in Dyrdal's facilities. Under the leases, Mr. Carrot assumed responsibility for any damage it caused to Dyrdal's storage facilities.

Mr. Carrot's loading machinery and deteriorating produce caused $30,680 damage to Dyrdal's facilities. Mr. Carrot filed Chapter 11 bankruptcy and Dyrdal submitted a $30,680 claim. Dyrdal and Mr. Carrot entered into a settlement reducing the claim to $23,500 and the United States Bankruptcy Court issued an order approving the settlement. The bankruptcy court subsequently approved a reorganization plan in which Dyrdal was to receive fifteen cents on the dollar—a total of $3,525.

Dyrdal submitted a claim to the Lindfors Agency (Lindfors), under his insurance policy with the Reinsurance Association of Minnesota (RAM). RAM denied the claim based on exclusions in its policy. Dyrdal commenced this action for breach of contract and negligence against Lindfors for failure to procure proper insurance coverage for "inherent risks." Lindfors moved for summary judgment, arguing that the bankruptcy settlement constituted accord and satisfaction of the claim. The district court agreed and granted summary judgment. Dyrdal appeals.

## ISSUE

Does a bankruptcy settlement relieve a third party of liability to the claimant?

## ANALYSIS

In a summary judgment appeal, we consider whether there are any genuine issues of material fact and whether the district court correctly applied the law. *Offerdahl v. Univ. of Minn. Hosp. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988).

The district court held that the bankruptcy settlement between Dyrdal and Mr. Carrot "creates an enforceable accord and satisfaction which acts to discharge the underlying contract or cause of action." Under federal bankruptcy law, however,

discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

11 U.S.C. § 524(e) (1988). *See In re Jet Florida Systems, Inc.,* 883 F.2d 970, 973 (11th Cir.1989). In *Jet,* a terminated aircraft

mechanic brought a defamation claim against his former employer in state court. The employer removed the case to federal court and filed for Chapter 11 bankruptcy. After approving a reorganization plan, the bankruptcy court permanently enjoined actions against the employer. The bankruptcy court denied the employee's motion to vacate the injunction, holding that the discharge prevented further claims against the employer. On appeal, the federal district court reversed, holding that section 524(e) protected the debtor, but it nonetheless permitted the defamation claim to proceed vicariously against the employer's liability insurer.[1] In addition to its straightforward interpretation of section 524(e), the district court reasoned that the "fresh start" purpose of the injunction and discharge was not intended to permit an insurer to escape liability. *Jet,* 883 F.2d at 975. The Eleventh Circuit affirmed and adopted the district court's opinion. *Id.*

"Bankruptcy discharge arises by operation of federal bankruptcy law, not by contractual consent of the creditors." *Union Carbide Corp. v. Newboles,* 686 F.2d 593, 595 (7th Cir.1982). In *Newboles,* under section 524(e), the Seventh Circuit rejected the argument of guarantors of a bankrupt company that the creditor's approval of a bankruptcy plan constituted accord and satisfaction under Indiana law. 686 F.2d at 594–95. The *Newboles* court reasoned:

> A creditor's approval of the plan cannot be deemed an act of assent having significance beyond the confines of the bankruptcy proceedings, simply because the gamesmanship imported from state contract law into the bankruptcy proceedings would be intolerable. * * * [T]he mechanics of administering the federal bankruptcy laws, no matter how suggestive, do not operate as a private contract to relieve co-debtors of the bankrupt of their liabilities.

686 F.2d at 595. *Compare In re A.H. Robins, Inc.,* 880 F.2d 694, 702 (4th Cir.1989) (bankruptcy court has equitable power to enjoin suit where plan is "overwhelmingly approved," gives late claimants a chance to recover or retain rights against others, and where "the entire reorganization plan hinges

on the debtor being free from indirect claims").

We find *Jet* and *Newboles* compelling under the similar circumstances here. Because section 524(e) controls, the district court erred in determining that the bankruptcy settlement extinguished the claims against Lindfors. The merits of the claims are not at issue in this appeal.

### DECISION

Under section 524(e) of the bankruptcy code, discharge of Mr. Carrot's debt does not affect Lindfors' alleged liability.

**Reversed and remanded.**

---

1. Lindfors' alleged liability is less derivative than that of the insurer in *Jet.*