FROST STATE BANK, Respondent,

v.

PEAVEY COMPANY, Appellant.

No. CX–94–1098.

Court of Appeals of Minnesota.

Dec. 13, 1994.

Jerold O. Nelson, Law Offices of Jerold O. Nelson, Minneapolis, for appellant.

Arvid L. Wendland, Wendland and Alm, P.A., Blue Earth, for respondent.

Considered and decided by PETERSON, P.J., and NORTON and SHORT, JJ.

## OPINION

SHORT, Judge.

Claiming a security interest in corn collateral, Frost State Bank ("bank") sued the Peavey Company ("Peavey") for common-law conversion. Both sides moved for summary judgment, and the trial court entered judgment for the bank in the amount of $7,486.85. On appeal, Peavey argues the trial court erred as a matter of law in holding that the bank's lien on farm products attached to the debtor's harvested grain.

## FACTS

In 1987, the bank took a security interest in the debtor's personal property and filed two financing statements showing that interest. The security agreement and the financing statements were broad and provided that the bank would have an interest in

> all farm products of Debtor, whether now owned or hereafter acquired, including but not limited to * * * (2) all crops, whether annual or perennial.

In the summer of 1990, the debtor raised waxy corn on a share-crop basis on the Ostergren farm. In August of 1990, the bank gave Peavey notice of its security interest in the debtor's farm products. In the fall of 1990, the debtor harvested the crop and stored it at Peavey's grain elevators.

In March of 1991, the Jacobson Oil Company ("Jacobson Oil") filed a financing statement showing a security interest in crops grown by the debtor on the Ostergren farm. In April, Peavey bought the harvested corn crop and issued checks payable to the debtor and Jacobson Oil. In June, the debtor filed for relief under Chapter 12 of the United States Bankruptcy Code. The bankruptcy court approved the debtor's amended plan of reorganization in December 1991.

## ISSUE

Did the bank's lien on all farm products cover the debtor's harvested grain?

## ANALYSIS

On appeal from a grant of summary judgment, we determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. Minn.R.Civ.P. 56.03; *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). The parties do not dispute the facts, but raise an issue of statutory interpretation. The construction of a statute is a question of law and is subject to de novo review on appeal. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

A security interest in crops is not enforceable against a debtor or third parties unless the security agreement and financing statements contain a description of the land concerned. Minn.Stat. § 336.9–203(1) (1990). Under section 9–203(1)(a):

> a security interest is not enforceable against the debtor or third parties * * * unless the collateral is in the possession of the secured party * * * or the debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops growing or to be grown, or timber to be cut, a description of the land concerned.

Similarly, Minn.Stat. § 336.9–402(1) (1990) provides in relevant part:

> A financing statement may be filed before a security agreement is made or a security

interest otherwise attaches. When the financing statement covers crops growing or to be grown, the statement must also contain a description of the real estate concerned and the name of the record owner thereof.

Although the bank's security agreement and financing statements described several parcels of land, the waxy corn crop at issue was not grown on the property described. Peavey argues the bank's failure to include a description of the Ostergren farm bars attachment of the bank's lien and perfection of the bank's intended security interest in the corn crop. *See In re Waters,* 90 B.R. 946, 964–66 (Bankr.N.D.Iowa 1988) (lien considered perfected only as to those crops which were grown upon property described in security agreement and financing statement); *Western Ohio Nat'l Bank & Trust Co. v. Continental Grain Co.,* 33 Ohio App.3d 210, 515 N.E.2d 20, 23 (1986) (real estate descriptions are required in security agreement and financing statement to perfect security interest in harvested crop). The bank concedes it did not have a security interest in the growing crop, but claims its lien attached to the harvested crop.

■ Article 9's plain language requires a description of the real estate concerned only for "crops growing or to be grown." Minn. Stat. §§ 336.9–203(1)(a), 402(1). The corn collateral at issue is neither "growing" nor "to be grown," but is a severed crop. Harvested crops are fungible goods no longer attached to a particular parcel of land. They are indistinguishable from stored crops which a farmer may have acquired from another source. When the waxy corn crop was harvested and ceased to be a "growing" crop, Article 9's real estate description requirement became inapplicable and the bank's unperfected security interest in growing crops became a perfected security interest in the severed stored grain. Our conclusion is consistent with Minnesota cases holding that Article 9's collateral description requirements should be liberally construed to allow for broad descriptions. *See, e.g., World Wide*

*Tracers, Inc. v. Metropolitan Protection, Inc.,* 384 N.W.2d 442, 447 (Minn.1986) ("the collateral description requirements of Article 9 should be liberally construed with respect to both security agreements and financing statements"); *James Talcott, Inc. v. Franklin Nat'l Bank of Mpls.,* 292 Minn. 277, 286–87, 194 N.W.2d 775, 781–82 (1972) (any description of goods in a financing statement is sufficient, whether or not it is specific, if it reasonably identifies what is described and makes possible the identification of the article or goods intended as security).

Our holding that Article 9's real estate description requirement does not apply to harvested crops is consistent with holdings from foreign jurisdictions. *See, e.g., United States v. Smith,* 832 F.2d 774, 778 (2d Cir. 1987) (although creditor did not have perfected security interests in the crops at issue while they were growing, its perfected security interest in "farm products" automatically attached to the crops once they were harvested and stored) (applying New York law); *In re Klipfer,* 62 B.R. 290, 295 (Bankr. S.D.Ohio 1986) (creditor had perfected security interest in debtors' harvested crops, although it held unperfected security interest in growing crops because financing statement lacked real estate descriptions) (applying Ohio law); *In re Roberts,* 38 B.R. 128, 133 (Bankr.D.Kan.1984) (financing statement covering severed crops does not have to contain description of real estate) (applying Kansas law); *In re Esparza,* 118 Wash.2d 251, 821 P.2d 1216, 1222–24 (1992) (security interest in harvested crop may exist despite lack of real estate description). *But see Western Ohio Nat'l Bank & Trust Co.,* 515 N.E.2d at 23 (holding that Ohio's statute requires a description of the real estate concerned when crops are growing or to be grown if creditor is to have a perfected security interest in the harvested crop).

■ Peavey also argues the bank waived any security interest in the corn collateral by approving the debtor's amended plan for reorganization. *See Farmers State Bank of Delavan v. Easton Farmers Eleva-*

*tor,* 457 N.W.2d 763, 766 (Minn.App.1990) (settlement between debtor and secured creditor discharged third party from its liability to secured creditor), *pet. for rev. denied* (Minn. Sept. 20, 1990); *Austin Farm Ctr., Inc. v. Austin Grain Co.,* 418 N.W.2d 181, 186 (Minn.App.1988) (a third party cannot be liable on a security interest for a debt that has been discharged). A discharge in bankruptcy, however, unlike a settlement, does not extinguish the debt. *Wagner v. United States,* 573 F.2d 447, 453 (7th Cir.1978); *see Dyrdal v. Lindfors Agency, Inc.,* 519 N.W.2d 236, 237 (Minn.App.1994) (discharge of debtor's debt does not affect any other entity's liability for such debt). Rather, a discharge in bankruptcy merely provides the debtor with a personal defense to debt collection actions. *United States v. Midwest Livestock Producers Co-op.,* 493 F.Supp. 1001, 1002 (E.D.Wis.1980). A third party's liability for a debt is unaffected by the debtor's discharge. 11 U.S.C. § 524(e) (1988); *id.; Dyrdal,* 519 N.W.2d at 237.

Peavey bought the corn two months before the debtor filed his Chapter 12 petition. Whether the bank waived its lien against the debtor is immaterial to the bank's cause of action against Peavey.

### DECISION

Although the bank did not have a perfected security interest in the growing crop, its security interest became perfected once the grain was harvested and stored. In addition, the bank did not waive its claim against Peavey by confirming the debtor's bankruptcy reorganization plan. Under these circumstances, the bank was entitled to judgment as a matter of law.

**Affirmed.**