Jeanette PEREZ, Appellant,

v.

CUMBERLAND FARMS, INC., Appellee.

No. 95–40055–NMG.

United States District Court,
D. Massachusetts.

Oct. 10, 1997.

M. Ellen Carpenter, Kern, Hagerty, Roach & Carpenter, Boston, MA, for Jeanette Perez.

Kathleen Provost, Barbara D. Gilmore, Sullivan & Worcester, L.L.P., Boston, MA, for Cumberland Farms, Inc.

## MEMORANDUM AND ORDER

GORTON, District Judge.

### I. *Prior Proceedings and Background*

On December 13, 1994, Jeanette Perez filed a Motion for Relief from Stay seeking authority from the Bankruptcy Court to file a personal injury action naming Cumberland Farms, Inc. ("Debtor") as a nominal defendant. Pending before this Court is an appeal from the order of the Bankruptcy Court denying that motion.[1]

On March 18, 1992, six weeks before the Debtor filed a voluntary petition for reorganization pursuant to 11 U.S.C. § 101, *et seq.*, Ms. Perez suffered injuries at its gas station in Manchester, New Hampshire. The Bankruptcy Court set November 9, 1992, as the filing deadline for contingent, liquidated, disputed or unscheduled claims. According to the Debtor's records, two copies of the First Bar Date Order were sent to Ms. Perez's former attorneys, Brown & Associates, but neither Ms. Perez nor those attorneys filed a proof of claim prior to the bar date.

More than two years later, Ms. Perez filed a Motion for Relief from Stay. The Debtor opposed the motion on grounds that 1) notice of the deadline for filing a proof of claim had been sent to Ms. Perez but she had failed to do so and 2) the Debtor would be financially harmed by a lawsuit. Under its general liability insurance policy, the Debtor carries a $500,000 deductible per occurrence and is required to reimburse its insurer for 100% of

---

1. Both parties agree that 1) the Motion should have been to modify the discharge injunction imposed by 11 U.S.C. § 1141, as opposed to relief from stay under 11 U.S.C. § 362 and 2) the standard used by the Bankruptcy Court is applicable under either statute.

the defense costs if the ultimate award is $500,000 or less.

Under a separate policy, the Debtor has additional insurance coverage for the deductible amounts and defense costs. Repayment of those costs is to be made over time and without interest. Ms. Perez has offered, as part of her claim and if she prevails in the action, to reimburse the Debtor for any losses, including interest, incurred as a result of the time delay.[2] She has not offered to reimburse the Debtor for the loss of the use of the funds needed to pay defense costs if the Debtor prevails in the action.

After a hearing, the Bankruptcy Court denied Perez's motion on the ground that her claim had been discharged because the insurance company has no liability where the estate has no liability. The Court further noted that, even if it were inclined to adopt a "no harm to the debtor" approach, that would not affect the outcome because allowance of the claim would harm the Debtor.

## II. *Analysis*

### A. *Bankruptcy Injunction*

 Section 524(a) of the Bankruptcy Code acts as an injunction against actions against a debtor subsequent to a discharge of debt. 11 U.S.C. § 524(a).[3] In order for a creditor to retain its claim against the bankrupt, it must generally file a proof of claim during the bankruptcy proceedings. If a creditor fails to so file, § 524(a) shields the debtor from that creditor. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 972–73 (11th Cir.1989).

2. Ms. Perez also agreed that she could recover:
 1) against the Debtor's insurers only pursuant to the confirmed plan and subject to the payment conditions and procedures imposed on timely claimants;
 2) no more than if she had timely filed an allowed claim;
 3) only insurance proceeds available after timely claimants were paid the maximum their claims were entitled to recover; *but*
 4) not against the Debtor's non-insurance assets and not as a claimant under the plan.

3. Section 524(a) provides, in relevant part:
 A discharge in a case under this title—...

Courts relying on 11 U.S.C. § 524(e), however, almost unanimously allow claimants to proceed with claims against the debtor for the purpose of collecting from the debtor's liability insurer.[4] *See, e.g., In re Edgeworth,* 993 F.2d 51, 54 (5th Cir.1993); *First Fidelity Bank v. McAteer,* 985 F.2d 114, 118 (3rd Cir.1993); *Green v. Welsh,* 956 F.2d 30, 33 (2nd Cir.1992); *In re Fernstrom Storage & Van Co.,* 938 F.2d 731, 734 (7th Cir.1991); *In re Walker,* 927 F.2d 1138, 1142 (10th Cir. 1991); *Jet Florida,* 883 F.2d at 976; *In re Doughty,* 195 B.R. 1, 4 (Bankr.D.Me.1996); *In re Greenway,* 126 B.R. 253, 254 (E.D.Tex. 1991); *In re Catania,* 94 B.R. 250, 253 (Bankr.D.Mass.1989); *contra In re White Motor Credit,* 761 F.2d 270, 274–75 (6th Cir. 1985). Those Courts reason that § 524(a) discharges only the debtor's personal liability, not the liability of any other party such as the debtor's insurer. Furthermore, § 524(e) permits a creditor to recover against any other entity who may be liable on the debtor's behalf.

### B. *Monetary Consequences for Debtor*

The Courts have stressed that their analysis depends upon the condition that the debtor not be rendered personally liable by any action of the Court. *See, e.g., Fernstrom,* 938 F.2d at 734; *Jet Florida,* 883 F.2d at 975. The Eleventh Circuit expressed concern over the possibility that the bankrupt might be required to spend money to defend the lawsuit, thus frustrating the fresh-start policy embodied in the Bankruptcy Code. *Jet Florida,* 883 F.2d at 976. Nonetheless, the Court allowed the lawsuit to proceed because: 1) it could not determine at that state of the litigation whether the bankrupt or the

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived ...
*11 U.S.C.* § 524(a).

4. Section 524(e) provides:
 Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.
 *11 U.S.C.* § 524(e).

insurance company would pay the costs of defense, and 2) it concluded that the practical and economic realities compelled the insurance company to defend the action. *Id.*

In the case at bar, the Debtor could potentially suffer an economic loss if it prevailed in Ms. Perez's personal injury suit. Ms. Perez has offered to reimburse the Debtor for lost interest on the defense costs if she prevails, but not for costs incurred if she loses the lawsuit. Because a lawsuit against the Debtor could cause it monetary consequences, the logic of pertinent caselaw suggests that such a lawsuit should be prohibited. *Fernstrom,* 938 F.2d at 734; *Jet Florida,* 883 F.2d at 975.

### C. *Equitable Considerations*

In affirming the decision of a bankruptcy court to reopen a case to allow a personal injury suit nominally against a debtor, the Seventh Circuit Court of Appeals held that

> the bankruptcy court should exercise its equitable powers with respect to substance and not technical considerations that will prevent substantial justice.

*In re Stark,* 717 F.2d 322, 323 (7th Cir.1983) (per curiam).

The equities in this case favor Ms. Perez. Under the present state of affairs, she stands to lose any hope of recovering for the injuries she suffered. By contrast, the insurance company would gain a windfall "that was not intended or in any way computed within the rate charged for its policy." *Jet Florida,* 883 F.2d at 975 (citations omitted). The insurance company would be unjustly enriched if the tort action were enjoined. *Id.; In re Mann,* 58 B.R. 953, 958 (Bankr.W.D.Va. 1986). Any economic loss to the Debtor would, however, result in the violation of the statutory injunction of 11 U.S.C. § 524(a). Ms. Perez's action cannot proceed, therefore, *unless* assurances are given that there will be no negative economic consequences to the Debtor.

Given the apparent equities of the pending appeal, the nominal suit of Ms. Perez against the Debtor should be allowed to proceed on condition that she indemnify the Debtor for any unreimbursed expenses of defending the suit, including interest, regardless of the ultimate outcome.

### ORDER

For the foregoing reasons, the order of the Bankruptcy Court is reversed and the case is remanded for proceedings consistent with this opinion.

So ordered.