STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-337

K.W. ENTERPRISES, INC., et al.,

Plaintiffs

v.

ORDER ON PLAINTIFFS'
MOTION TO DISMISS
COUNTERCLAIM

TIMOTHY S. KEITER, et al.,

Defendants

The plaintiffs filed a motion to dismiss the defendants' counterclaim, which asserts that the plaintiffs' complaint violates the bankruptcy discharge injunction, and requests sanctions and other relief pursuant to 11 U.S.C. § 105(a). The plaintiffs argue that the complaint does not violate the injunction to the extent that the only recovery sought is funded by the proceeds of an insurance policy. Upon review of the motions, opposition, and the applicable law, the motion to dismiss the defendants' counterclaim will be granted.

## BACKGROUND

The plaintiffs' retained defendant Timothy S. Keiter and his law firm, defendant Timothy S. Keiter, P.A., to establish and franchise various corporate entities, and protect intellectual property. The plaintiffs filed the underlying complaint, asserting professional negligence (Counts I -V), and breach of fiduciary duty (Count VI), in connection with the legal services provided by the defendants.

The defendants filed a counterclaim asserting that the underlying complaint

violated the bankruptcy discharge injunction and requesting sanctions, costs, and other damages. 11 U.S.C. § 524. The defendants asserted, in their counterclaim, that prior to the commencement of this civil action, defendant Timothy S. Keiter received a discharge in bankruptcy pursuant to a petition filed under Chapter 7 of the United States Bankruptcy Code. Defendants' Answer and Counterclaim p. 11 ¶ 1. The defendant Timothy S. Keiter was the sole shareholder of the defendant Timothy S. Keiter, P.A., which has ceased to operate and has no assets. Defendants' Answer p. 11 ¶ 2. The plaintiffs did not obtain relief from the automatic stay. Defendants' Answer p. 11 ¶ 3.

The plaintiffs assert that their complaint is not a violation of the bankruptcy discharge because the"discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 U.S.C. § 524(e). The plaintiffs "seek to recover from [the defendant] Mr. Keiter personally only to the extent to which such recovery is payable from any applicable insurance policy or policies, and not otherwise." Plaintiffs' Amended Complaint p. 2 ¶ 4.

## DISCUSSION

This motion to dismiss tests the sufficiency of the counterclaim. Heber v. Lucerne-in-Maine Village Corp., 2000 ME 137, ¶ 7, 755 A.2d 1064, 1066. In ruling on a motion to dismiss, the court "examine[s] the [counterclaim] in the light most favorable to the [counterclaimant] to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the [counterclaimant] to relief

2

pursuant to some legal theory." Id. (citations omitted).

Section 524(e) provides that "[e]xcept as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for such debt." 11 U.S.C. §524(e). This section has "led the courts to conclude (virtually unanimously) that the debtor's discharge does not affect such liability as his insurer may have on a discharged obligation." Doughty v. Holt (In re Doughty), 195 B.R. 1, 4 (Bankr. D.Me. 1996). In addition, where the plaintiffs seek to recover under an insurance policy, a cause of action is permitted even when it involves the debtor as a nominal defendant. Id. The continuation of the suit, even if the result is a determination that the debtor is liable, does not impact the debtor's fresh start because the debtor will not be personally liable. Id. The continuation of the suit, even if the insurer will not defend the action, does not impact the debtor's fresh start because the debtor will not be personally liable. Id. The insurer may, after a determination in the plaintiff's favor, elect to challenge its liability on state law grounds. Doughty, 195 B.R. at 4; but see, Perez v. Cumberland Farms, Inc., 213 B.R. 622 (D.Mass. 1997) (requiring that Perez agree to reimburse the debtor for costs of defending itself whether Perez won or lost on her personal injury claim because the decision to allow claims to go forward "depends upon the condition that the debtor not be rendered personally liable by any action of the [c]ourt").

Here, the plaintiffs are only seeking to recover to the extent that such recovery is funded by the proceeds of an insurance policy or policies. The defendant

3

Mr. Keiter will not be personally liable, regardless of the outcome of the underlying cause of action. In order to more fully ensure that the defendant Mr. Keiter will not bear any personal liability, the court will order that the plaintiffs indemnify Mr. Keiter for any insurance policy deductible that may apply in this cause of action.

The entry is

The plaintiffs' motion to dismiss the defendants' counterclaim is GRANTED; and

The plaintiffs are ordered to indemnify the defendants for any deductible for which the defendants become liable under any of defendants' insurance policies in connection with this cause of action.

Dated at Portland, Maine this 3RD day of April 2002.

_____
Robert E. Crowley
Justice, Superior Court

4

Date Filed ___6-22-01___ ___CUMBERLAND___ Docket No. __CV01-337__

County

Action ___DAMAGES___

K.W. ENTERPRISES INC, f/k/a RENT-A-HUSBAND INC.     TIMOTHY S. KEITER
KAILE R. WARREN, JR                                TIMOTHY S. KEITER, P.A.
                                                   ERIKA L. KENNEDY

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Roy Pierce, Esq. Jonathan Piper Esq. P.O. Box 9546 Portland, ME 04112 | Erika Frank (Kennedy) Pro-Se 840 Roosevelt Trail Windham, ME 04062  892-8484 |

Theodore H. Kirchner (Keiter,BOTH)
(withdrawn)
P.O. Box 4600
Portland, Maine 04112-4600
207-774-7000
Harold J. Friedman, Esq.(Keiter,BOTH)
Evan Smith, Esq. P.O. Box 4726
Portland, Maine   04112  761-0900

| Date of Entry | |
|---|---|

**2001,**
**June 25**   Received 6-22-01.
Summary Sheet filed.

" "   Complaint with exhibit A filed.

" "   Plaintiff's Motion to Stay Issuance of Scheduling Order with Incorporated Memorandum of Law filed.

" "   Proposed Order filed.

**July 11**   Received 07-11-01:
Summons filed showing officer's return of service on 07-09-01 upon Erika Frank.

"   "   Summons filed showing officer's return of service on 07-03-01 upon Timothy Keiter.

"   "   Summons filed showing officer's return of service on 07-03-01 upon Timothy S. Keiter, P.A. to Timothy S, Keiter.

"   "   Summons filed showing officer's return of service on 06-26-01 upon Timothy S. Keiter, P.A. to Norman Berlanger.

"   "   Transcript of Hearing On Motion for Relief from Automatic Stay filed.

**July 30**   Received 07-30-01:
Copy of Letter From Jonathan S. Piper, Esq. to Debra L. Brown, Esq. stating he has not been able to finalize a position with his client relative to the claims against Mr. Keiter and the Firms as he will be out of town next week and he is going to extend the date in which an Answer or other response is required until Friday, August 10, 2001 filed.

**July 31**   Received 7-31-01:
Defendant Erika Frank's Answer filed.

**Aug. 1**   Received 7-30-01.
Scheduling Order, filed. (Crowley, J.)
    Scheduling Order filed.  Discovery deadline is April 1, 2002.
Copies mailed Jonathan Piper, Esq., Erica Frank, 840 Roosevelt Trail, Windham, ME 04062, Timothy Keiter, P.A., 25 Long Creek Drive, South Portland and Timothy Keiter, 178 Middle Street, Portland, ME 04101 on 8-1-01.